4b 359
97 564

## MILLER v. GEE.

1. An administration bond is an official document appertaining to the administration, and cannot be removed from the office of the Clerk of the Orphans' Court, without a breach of his official duty—when necessary to be given in evidence an examined copy, or one verified by the certificate of the proper officer, is sufficient, without producing or accounting for the original.
2. In an action against a surety to an administration bond, it is necessary to shew that assets came to the hands of the administrator, and the surety is responsible only to the extent of the devastavit. After the plaintiff has shown what amount of assets came to the hands of the administrator, it rests with the defendant to show that they have been lawfully appropriated.

WRIT of Error to the Circuit Court of Wilcox county.

Action of debt on an administration bond. The declaration sets out the bond, and recites that the plaintiff recovered a judgment in the Circuit Court of Wilcox county, at the fall term, 1836, against one Sterling H. Gee, as the administrator of Joseph Gee, deceased, upon which he sued out a writ of *fieri facias*, against the said administrator, to be levied of the goods and chattels of the intestate in his hands to be administered, which writ was returned *nulla bona*.

The declaration then avers, that at the time of the rendition of the said judgment, there were goods and chattels which were of the said intestate at the time of his death, to the value of the judgment aforesaid, which came to the hands of the said administrator, and were by him wasted, and converted to his own use, and it concludes with a breach in not paying the penalty of the bond.

The cause was tried on the issue of *nil debit*, and a verdict found for the plaintiff, on which judgment was rendered.

At the trial the plaintiff offered no evidence of a devastavit by the administrator, except the judgment recited in the declaration, the execution thereon and its return. The defendant requested the Court to instruct the jury, that unless it was shown by the other proof, that the effects of the intestate had come into the hands of the administrator, and had been wasted by him, that the plaintiff could not recover.

This was refused, and the jury was charged that the judgment, &c. was sufficient evidence to charge the defendant with the amount of the judgment.

The plaintiff offered to read the record of the administration bond, without producing the bond, and for this purpose proved by the Clerk of the Court that he had delivered the bond to an attorney, since dead, for the purpose of bringing this suit. Other evidence was offered conducing to show that the bond was never returned by the attorney, and that it never came to the hands of his administrator, though it was shown that there were papers of the attorney which had never been examined, and which had never come into possession of his administrator. The Court admitted the record of the bond as evidence.

The defendant excepted to its admission and also to the

charge given and refused by the Court, and now assigns errors covering these several matters.

LAPSLEY, for the plaintiff in error, relied on the case of Thompson v. Searcy, 6 Porter, 394.

PEARSON, contra, cited Burke v. Adkins, 2 Porter 236; 1 Saund. 219, b. note 8.

GOLDTHWAITE, J.—Although the bond of an executor is not expressly required by any statute to be recorded, it is nevertheless a document which is committed to the custody of the Clerk, and cannot be taken from his office without a violation of his duty.   There may be cases, possibly, when its withdrawal might be warranted by an order of the Orphans' Court, but ordinarily it should remain with the other papers, appertaining to the administration.   By the thirteenth section of the act of 1806, [Digest 177, §3,] it is provided that such a bond shall not become void on the first recovery, and may be put in suit and prosecuted from time to time against all or any one or more of the obligors, in the name and at the cost of any person or persons injured by a breach thereof, until the whole penalty shall be recovered thereon.   From this it results that the bond cannot be removed, and is properly proved by an examined copy, or by one certified by the proper officer.   It was therefore unnecessary for the plaintiff to have laid any foundation for the admission of the record, as that was of equal dignity with the original bond, and the copy was properly admitted in evidence.

2. The action is against one of the sureties of the administrator, and it was essential to show what amount of assets came to the hands of the administrator, in order to make out a devastavit.   It appears that this bond was executed the 19th February, 1825; at this period no administrator was liable out of his individual estate, for not pleading, mispleading, or false pleading in, or to, any action whatsoever; it may therefore be questionable whether the judgment and execution of themselves would be sufficient evidence to charge the administrator with a devastavit, if the suit was against him, but the act of 1826 expressly enacts, that no security for an executor or adminis-

trator shall be chargeable beyond the assets of the testator or intestate on account of any omission or mistake in pleading of the executor or administrator. [Dig. 184, §34.]

This matter was considered in the case of Thompson v. Searcy, [6 Porter, 394,] and it is there said, that as the surety can only be liable to the amount of assets, it will be necessary for the jury, not only to find the issue for the plaintiff, but also the extent to which the administrator has wasted the assets.

It was not intended by these remarks to intimate that when the action is on the bond that the jury must ascertain by their verdict the precise extent to which the assets were wasted, but merely that a recovery could be had against a surety only to the extent of a devastavit. The cases there cited are full to the precise point involved in this case, and no peculiar hardship is imposed on the plaintiff, as he can always throw the burthen of proof on the defendant, by showing the amount of assets which came into the hands of the administrator; when this is once established, it rests with the defendant to show they have been lawfully appropriated.

The Circuit Court erred in considering the judgment as evidence of assets, and the return of *nulla bona* as sufficient evidence of a devastavit, and for the error in the charge the judgment is reversed and the cause remanded.