### DEAN, ET AL. V. PORTIS, JUDGE, &c.

1. When the demand of a creditor of the deceased has been presented to
the administrator within the proper period, it is the duty of the latter to pay
it as soon as the assets are converted into money, and he cannot discharge
himself from liability by a settlement with the distributees, or by a decree
of the orphans' court directing distribution. Where a judgment was re-
covered against an administrator, and an action brought thereon against
himself and sureties, suggesting a *devastavit*, the sureties cannot defeat a
recovery, by showing such settlement and distribution.

2. An action may be brought against the sureties on an administration bond,
alledging that the administrator had wasted the assets; and this although
the *devastavit* of the administrator had not been fixed in a separate suit
but there was only a judgment against him *de bonis intestatis*.

3. *Semble:* In an action on the administration bond suggesting a *devastavit*,
the sureties can only be charged to the extent of the assets actually wast-
ed; but the jury need not ascertain by their verdict, how much was
wasted.

Writ of Error to the Circuit Court of Clarke.

This was an action of debt at the suit of Portis, Judge of
the county court of Clarke, for the use of Henry P. Brown,
upon a bond executed by Dean, as administrator of the estate

of Richard Hopkins, deceased, and his co-defendants as sureties, for the performance of his duties. The cause was tried by a jury, on an issue which threw upon the plaintiff the burthen of proving the breach of the condition as alledged. A verdict was returned for the plaintiff, and judgment was rendered thereon.

From a bill of exceptions sealed at the defendant's instance it appears, that Brown recovered a verdict and judgment against Dean, as administrator of Hopkins, at the October term, 1843, of the circuit court of Clarke, for $213 08, besides costs. On this judgment an execution issued on the 25th October, 1843, which the sheriff of Clarke returned "no property found," on the 27th March, 1844. The plaintiff gave in evidence the administration bond of Dean and his co-defendants as sureties—also, the inventory and appraisement of the intestate's estate, which show that Dean had received assets of the intestate to be administered of the value of nine thousand and twenty-four dollars. (We suppose it should be $19,024.)

Defendants then offered the account of the administrator, with the final settlement and decree thereon by the orphans' court of Clarke, from which it appeared that he had received of the assets of the intestate's estate $18,391 45; that he had paid certain debts, and that the surplus had been distributed under the decree. At the time of the final settlement and decree, the entire sum received by the administrator had been paid over by him; and he was by the decree fully discharged from his bond.

The decree was rendered while the suit of Brown against Dean was pending, but the debt to be recovered in that cause it did not appear was taken into the account upon the settlement.

The court charged the jury, that if the facts were as indicated by the evidence, the defendants were not entitled to a verdict, and they should find for the plaintiff. To this charge the defendants, who were sureties, excepted; and, condensing all the evidence, prayed the court to instruct the jury, that if they believed it to be true, then they were not liable on their bond to the plaintiff in this action. This prayer

14

Dean, et al. v. Portis, &c.

was denied, and the jury were instructed, that if the suit of Brown against Dean, as administrator, was pending before and at the time the decree was rendered by the orphans' court, was not provided for, and was unpaid, then they should find for the plaintiff. The refusal to charge as prayed; and the charge as given, are duly reserved for revision.

F. S. BLOUNT, for the plaintiff in error, made the following points: 1. The judgment in favor of Brown against Dean was inadmissible ; but if properly admitted, the bill of exceptions recites all the evidence, and it is insufficient to establish a *devastavit* against the sureties in the administration bond. 2. The verdict will not support the judgment in the present case—as it respects the sureties, it should have ascertained the extent to which the assets had been wasted. [6 Porter's Rep. 393.] An administrator, when sued alone, may be chargeable with a constructive waste ; but his sureties are only liable on proof of actual *devastavit*. 3. The decree of the orphans' court, upon a settlement of the administration accounts, relieves the sureties from liability upon the bond ; and they cannot be charged in consequence of the judgment and other proceedings against the administrator—these being matters of subsequent occurrence.

LESLIE, for the defendant in error, contended, that an administrator could not discharge himself from a debt due from the estate, by a settlement with the orphans' court. [5 Ala. Rep. 13.] And the liability of the sureties is coextensive with that of their principal. [Clay's Dig. 228, § 34.] The record shows, that assets sufficient to pay the debts sought to be recovered of the administrator, came to his hands, and that they were not thus appropriated ; this entitles the plaintiff to recover of the sureties. [4 Ala. Rep. 359.]

COLLIER, C. J.—In Thrash v. Sumwalt, 5 Ala. Rep. 13, it was decided, that " an administrator is bound to a creditor of the intestate, in consequence of the assets which come to his hands to be administered ; and a distributee has no claim whatever, until the demands of all creditors are satisfied, or legally barred." He cannot therefore discharge

himself, or the assets, from liability to the creditors, by a premature settlement with the distributees, or by a decree of the orphans' court directing distribution. "When the creditor's demand has been presented within the proper period, it is the duty of the administrator to pay it as soon as the assets of the estate are converted into money." In the case at bar, the administrator made a final settlement of his accounts with the court, from which he received his authority, pending the suit of the creditor, and did not set up the decree thereupon in bar of the action ; but it is now pleaded by his sureties in the administration, as an answer to an action upon the bond for the failure of the administrator to satisfy the judgment rendered in favor of the creditor.

We have seen that the decree rendered upon the distribution, would not have availed the administrator to defeat the creditor, if it had been pleaded, and his surety in a distinct but consequential action cannot derive from it any assistance. The judgment rendered in the primary cause cannot be opened by the pleading and evidence, and if the facts which have since transpired, show that assets came to the administrator's hands sufficient to satisfy the judgment in question, which have not been duly administered, then the ruling of the circuit court is correct. This conclusion, instead of opposing, is in harmony with the act of 1826, which declares, that "no security for an executor or administrator shall be chargeable beyond the assets of the testator or intestate, on account of any omission or mistake in pleading of the executor or administrator." [Clay's Dig. 228, § 34.]

In Thompson, Judge, &c. v. Searcy and Fearn, 6 Porter's R. 393, it was decided, that an action can be well maintained upon the administration bond, against the sureties, after the plaintiff's claim has been ascertained by judgment, upon an allegation that the administrator has wasted more than an equal amount of the goods and chattels of the intestate ; and this even before a *devastavit* is fixed by judgment, in an action against the administrator, founded upon an allegation that he had wasted the assets, with the view of obtaining satisfaction of a judgment rendered *de bonis intestatis*.

In the case last cited, it was said, that the surety in the

bond can only be charged to the extent of the assets actually wasted; and this was admitted to be the law in Miller v. Gee, 4 Ala. Rep. 359, where it was added that the jury need not ascertain by their verdict the precise extent of the *devastavit*. It was also said, that the law as thus stated, rests upon numerous adjudications, "and does not impose a peculiar hardship on the plaintiff, as he can always throw the burden of proof on the defendant, by showing the amount of assets which came into the hands of the administrator; when this is once established, it rests with the defendant to show they have been lawfully appropriated." In the present case, it is not pretended that assets to a greater amount than the plaintiff's judgment did not come to the hands of the administrator—the proof recited in the record is full to this point. We have seen that the manner in which the assets were disposed of, furnish no answer to the action of a creditor of the intestate—the evidence establishes a *devastavit* in law, and of consequence, the sureties of the administrator are chargeable. From this view, it results that the court below laid down the law correctly; the judgment is therefore affirmed.