AMASON ET AL. *vs.* NASH, JUDGE &c.

1. Suit may be brought on an administration bond, at the option of the party injured by its breach, either in his own name, or in the name of the obligee for his use.
2. To debt oñ bond against an administrator and his sureties, "jointly and severally defendants plead fully administered;" to which the plaintiff "demurred in short by consent :" *Held,* that the plea was equivalent to a joint and several plea of *plene administravit,* and was good as to the sureties.
3. In debt on an administration bond, it is error to render judgment final, against the principal and his sureties, without the intervention of a jury.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. B. W. HUNTINGTON.

DEBT on an administration bond, in the name of Preston G. Nash, Judge of the Orphans' Court of Sumter, for the use of Warren Hooks and Cullen Hooks, against Georg eAmason and his sureties on his official bond as administrator of Thomas Amason, deceased. The declaration sets out the bond, and alleges the recovery of a judgment against said administrator by said Warren and Cullen Hooks, that a sufficiency of assets came to his hands, which were wasted, &c. The defendants demurred to the declaration, and their demurrer being overruled they "jointly and severally pleaded fully administered, with leave to give any special matter in evidence ;" to which the plaintiff "demurred in short by consent." The demurrer was sustained ; and the defendants declining to plead over, judgment final was rendered ageinst them for the amount of the judgment described in the declaration.

The errors assigned are : 1st, the overruling of the demurrer to the declaration ; 2nd, the sustaining of the demurrer to the plea ; 3rd, in rendering judgment final without the intervention of a jury.

T. REAVIS, for appellants :

1. The demurrer to the declaration should have been sustained, on the ground of a misjoinder of plaintiffs. The judge of the Orphans' Court should not have been joined, but the

action should have been in the names of Cullen and Warren Hooks alone.—Clay's Dig. 221, § 34. This question was not raised in the case of Perkins v. Moore, 16 Ala. 9. That case, therefore, is not an authority against the position now assumed.

2. The sureties of an administrator are not liable beyond the assets which come to his hands.—Clay's Dig. 228, § 34. The assets may be consumed in the payment of preferred debts: such as debts due for the last sickness, and funeral expenses of the intestate (Clay's Digest 192, § 2); debts due the State (Clay's Dig. 245, § 20); debts due for taxes (Clay's Dig. 566, § 52); and debts due by execution, which had acquired a lien on the assets in the lifetime of the intestate.—Collingsworth v. Horn, 4 Stew. & Port. 237; Caperton v. Martin, 5 Ala. 217; Boyd v. Dennis, 6 Ala. 55. The failure of the administrator to plead fully administered to the action in which the plaintiffs recovered their judgment against him, cannot prejudice his sureties.—Clay's Dig. 228, § 34. But they, when sued upon the administration bond, may plead that he had fully administered.—Randolph v. Singleton, 12 Smds. & Marsh. 439. Indeed, their right to plead this plea, results from their exemption from liability beyond the assets received by the administrator. The demurrer to their plea of *plene administravit* was, therefore, improperly sustained.

3. The sureties being only liable for the assets which came to the hands of the administrator, it was necessary for the plaintiffs to prove, and for a jury to find, that he had received a sufficiency to pay the plaintiffs' debt. The court, therefore, erred in rendering a final judgment without such proof, or the verdict of a jury.—Thompson v. Searcy, 6 Port. 393; Miller v. Gee, 4 Ala. 359; Dean v. Portis, 11 Ala. R. 104; Sims v. Nash, 1 How. Miss. R. 271; Cogan v. Duncan, 23 Miss. (Cushman, vol. 1), 274.

BELSER & RICE, *contra :*

2. The words "fully administered" cannot be construed or held as a good plea to an action of debt against an administrator and his sureties, when the declaration sets forth the bond, the judgment recovered against the administrator, its non-payment, a sufficiency of assets to pay it, and the waste and conversion thereof, &c. There is no error in sustaining a demurrer to such

a plea. The administrator had no right to plead any such plea ; and he and his co-defendants all joined in pleading these words " fully administered." The court was not bound to separate. Wells v. Vance, 8 Ala. 399.

3. The demurrer to such plea being sustained, and leave given to defendants to answer over, and they declining to answer over, although in court, and not demanding any trial by jury or any inquiry of damages by a jury, there was no error in rendering final judgment without the intervention of a jury. Such conduct on their part was a waiver of a reference of any question to a jury ; and they cannot, in the Appellate Court, spring the objection that a jury did not come, as they did not make the objection below. It was not, however, necessary to call a jury.—McGehee v. Childress, 2 Stew. 506 ; Clay's Dig. 325, § 70 ; Holdipp v. Otway, 2 Saund. R. 107, note 2 ; 4 Am. Com. Law Cases, 108 and 109 ; 1 Littell's R. 211.

GOLDTHWAITE, J.—On the part of the appellant it is insisted, that the action should have been brought in the name of the injured party, and that, as it was brought in the name of the obligee for his use, the demurrer should have been sustained. The statute (Clay's Dig. 221, § 3), it is true, provides that the bond may be put in suit in the name of the party injured ; but the word " may," as there used, is not imperative. The object of the statute was, simply to confer upon certain persons the privilege of suing in their own names ; but it is a question in which no public right or interest is involved, or in which any third person has any claim de jure, that the power should be exercised. It is entirely discretionary with the parties to whom the privilege was extended, whether to avail themselves of it or not.—The Newburgh Turnpike Co. v. Miller, 5 Johns. Chan. R. 112 ; Malcolm v. Rogers, 5 Cow. 188 ; Perkins v. Moore, 16 Ala. 9.

But in overruling the demurrer to the pleas, the court erred. The pleas and demurrer were both in short ; and if the parties see proper to adopt that mode of pleading, the language will be fairly and liberally interpreted.—Jackson v. Jackson, 7 Ala. 791. Under the influence of this rule, we regard the pleadings of the defendants as equivalent to joint and several pleas, that the administrator, the principal in the bond, had fully adminis-

19

tered the assets which came to his hands ; and as the sureties were not liable beyond the assets (Clay's Dig. 228 § 34 ; Miller v. Gee, 4 Ala. 359 ; Dean v. Portis, 11 Ala. 104), it follows that, if he had fully administered them, it would be a good defence so far as the sureties were concerned. The court, therefore, erred in sustaining the demurrer to the several pleas of all of the defendants except George Amason.

The court also erred in rendering judgment final without the intervention of a jury. The bond alone was not the foundation of the action. To entitle the plaintiff below to a recovery against the sureties, it was necessary for him to establish a *devastavit* on the part of the administrator ; and his recovery could not exceed that amount.—Miller v. Gee, *supra* ; Dean v. Portis, *supra*.

The judgment is reversed, and the cause remanded.