## WARD et al. *vs.* YONGE, Adm'r.

[ACTION AGAINST SURETIES ON ADMINISTRATOR'S BOND, FOR BREACH THEREOF
BY ADMINISTRATOR'S NOT PAYING OVER THE AMOUNT OF A DECREE AGAINST
HIM ON FINAL SETTLEMENT IN FAVOR OF A DISTRIBUTEE.

1. *Complaint against sureties of administrator, in a suit by distributee; when not demurrable.*—In a suit against the sureties of an administrator on his bond, by a distributee, in whose favor there has been a decree of the probate court, the complaint is not subject to demurrer because an execution may issue on the decree, nor because an execution has not been returned "no property found" against the principal obligor.
2. *Same; sureties of administrator; when liability of attaches.*—The liability of the sureties attaches whenever the administrator receives assets sufficient to pay the distributive share and not needed to pay demands having priority; and the right of action accrues on the rendition of the decree in favor of the distributee.
3. *Appellate court; what presumption will make.*—In the absence of proof to the contrary, this court will presume that a charge upon the effect of the entire evidence was given at the request of one of the parties.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCaleb Wiley.

JOHN WARD was appointed administrator of the estate of one Pitts, in the year 1859, gave bond with the appellants as his sureties, and administered said estate. On the final settlement in the probate court, in February, 1861, there remained in the hands of the administrator for distribution, amongst those entitled thereto, the sum of $3,142, and proper decrees were thereupon rendered against the administrator, in favor of each of the distributees, among whom was Jane Williamson, appellant's intestate. The decree in favor of Jane Williamson not having been paid during her life time, her administrator brought suit against Ward's sureties to recover the same, Ward having died before the commencement of the action.

The complaint alleges the appointment of Ward, his qualifying and giving bond, and administering said estate, and receiving assets more than sufficient to pay the debts,

&c., and the final decree in favor of plaintiffs' intestate, and claims damages for the breach of the bond, alleging as a breach the failure of the administrator to pay and satisfy said decree.

The appellants demurred to the complaint, assigning as grounds of demurrer—

1st, The complaint shows on its face that a valid judgment is already in existence, covering the amount sued for, and that the remedy for the plaintiff is by issue of execution on said judgment.

2d, It fails to show that demand for payment of the judgment was ever made by plaintiff of defendants, and refused by said Ward.

3d, It fails to show issue of execution upon said judgment against the principal, and a return of "no property found" made thereon.

4th, Because it fails to show a *devastavit* on the part of the principal for which the sureties on the administrator's bond would be responsible.

The demurrer was overruled and appellants excepted, and thereupon pleaded the general issue, and a special plea that the plaintiff, at the commencement of the suit, was not the administrator of Jane Williamson. On these pleas issue was joined.

The only evidence adduced on the trial were Ward's letters of administration, bond, record of the final settlement in the probate court, the decrees against the administrator, appellee's letters of administration and bond as administrator of Jane Williamson, and proof that she died intestate in Mississippi, and that the decree sued for was the only property left by her in Henry county. It was admitted that John Ward, the administrator of Pitts, and principal obligor in the bond, had died before the commencement of the action. Defendants offered to prove that "about twenty-five hundred dollars of the amount of the decrees, one of which is sought to be collected by this action, were for slaves." Plaintiffs objected, on the ground that the decree was conclusive against them, and the court sustained the objection and would not allow the proof to be made, and defendants excepted.

This being all the evidence, the court charged the jury, "if they believed the evidence, they must find for the plaintiff."

The errors assigned are—

1st, Overruling the demurrer.

2d, Refusing to allow proof that part of the decree was for purchase-money of slaves.

3d, The charge given.

F. M; WOOD, for appellant.

W. C. OATES, contra.

[The briefs did not come into Reporter's hands.]

B. F. SAFFOLD, J.—The appellants were sued as sureties upon the bond given by John Ward as the administrator of the estate of David Pitts, deceased. The complaint alleges that the plaintiff, Henry A. Yonge, as administrator of Jane Williamson, claims to recover of the defendants the amount of a decree rendered by the probate court on the final settlement of Pitts' estate, against the administrator, in favor of Jane Williamson. It avers that the said administrator has neglected and refused to pay the sum of money, although assets more than sufficient to pay the debts of the estate and the distributive share came into his hands; and further, that the administrator is dead.

This complaint was not assailable by the demurrer on the grounds assigned by the defendants. The judgment against the administrator was a sufficient foundation for a suit on the bond, notwithstanding an execution might issue upon it.

The cumulative right to an execution against the sureties, on the return of "no property found" to an execution against the administrator, does not take away any right to which the plaintiff was otherwise entitled. There was no necessity of any demand upon the defendants for payment, other than the commencement of the suit. A return of "no property found" to an execution against the principal, was not necessary. The liability of the sureties attached whenever the administrator received assets

sufficient to pay the decree and not needed to pay debts or other demands having priority ; and the right of action accrued on the rendition of the decree.   When this was shown, it was not necessary to allege any other, or greater, waste, because it devolved upon the defendants to show a lawful appropriation of them.—*Miller v. Gee,* 4 Ala. 559 ; *Dean v. Portis,* 11 Ala. 104.   The demurrer was properly overruled.

The cause was tried on the pleas of the general issue, and that the plaintiff was not the administrator of Jane Williamson.   The evidence introduced was, the bond of the administrator, Ward, his letters of administration, the record of the final settlement and decree, the letters of administration on the estate of Jane Williamson, granted to the plaintiff and dated the same day the suit was commenced, and proof that the said Jane Williamson was, at the time of her death, a resident of Mississippi ; and that this decree was the only property left by her in Henry county.   The death of the principal obligor, John Ward, before the commencement of the suit, was admitted.   Upon this evidence, the court charged the jury that, if they believed the evidence, they must find for the plaintiff.

The final settlement shows that, after allowing the administrator all proper credits, there was remaining in his hands a considerable sum of money, which was distributed amongst several distributees, and a decree rendered against the administrator in favor of each for his share.   We do not understand the exception taken by the defendants to the rejection of their evidence that a large portion of the decree against the administrator was for slaves.   The decree was a money judgment.

The complaint contains a sufficient cause of action, and we do not perceive any deficiency in the testimony to sustain it.   There was no contradictory evidence.

It does not appear from the bill of exceptions whether the charge upon the effect of the entire evidence, excepted to, was or was not given at the request of the plaintiff. We must, therefore, presume in favor of the judgment. *English's Ex'r v. McNair's Adm'rs,* 34 Ala. 40.

The judgment is affirmed.