# Tanner *v.* Mills *et al.*

*Petition for Substitution of Lost Official Bond of Administrator.*

1. *Substitution of lost official bond; evidence.* — When an administrator's official bond, with the record therof, has been lost or destroyed, it may be substituted under the statute (Rev. Code, § 652), as a record of the probate court; and a minute-entry of the court, which recites the appointment of the administrator, the approval of his bond, its amount, and the names of the sureties, is competent evidence, and sufficient, if not rebutted, to authorize the substitution.

2. *Same; pleadings and practice.* — In such summary proceeding, the statute does not require or authorize an answer, from the administrator or his sureties, except as pleading ; consequently, an answer by the sureties, under oath, but not amounting to a plea of *non est factum,* is of no effect as evidence.

3. *Same; pleas of res adjudicata and lis pendens.* — A suit in chancery between the same parties, for a settlement of the administration, in which a settlement was made, and a decree rendered ascertaining a balance in favor of the administrator, without any decision as to the existence or execution of the bond, is not admissible evidence to support a plea of *res adjudicata* against the proposed substitution ; and a subsequent suit in chancery by the petitioners, to set aside that decree, does not support a plea of *lis pendens.*

4. *Same; conclusiveness and effect of decree.* — A decree in such a proceeding, substituting the lost bond as proposed, is not conclusive as to the execution of the bond, but only ascertains that such a bond once existed of record, that it was lost or destroyed, and that it is replaced.

APPEAL from the Probate Court of Limestone.

HOUSTON & PRYOR, for appellant.

WALKER & JONES, *contra.*

B. F. SAFFOLD, J.— The appellees, as the heirs at law of Alexander T. Jones, deceased, petitioned the probate court to substitute a described bond as the administration bond for his

estate, on the ground that the original bond had been lost, burned, or otherwise destroyed. The bond presented as a substantial copy of the one alleged to have been lost or destroyed is in the usual form of an administration bond, and purports to have been made by James W. S. Donnell as the administrator, and John H. Jones and John T. Tanner as his sureties, in the sum of eighty thousand dollars, on the 27th of July, 1857. After due proof of the non-existence, in the probate office, of any administration bond for the estate of Jones, and of the destruction of the books in which such a bond should have been recorded, the petitioners were allowed, against the objection of the appellants, to introduce as evidence tending to prove the existence of the bond alleged to have been lost, and its contents, a minute-entry of the court as follows : —

"Athens, Limestone county, Ala., probate court, July 29, 1857.

Alexander T. Jones, ) Came James W. S. Donnell, and
adm'r appointed. ) made application to this court to grant unto him letters of administration on the estate of Alexander T. Jones, deceased. And it appearing to the satisfaction of the court that the next of kin of said deceased have had due notice of this application, thereupon the said James W. S. Donnell entered into and acknowledged his bond, with John H. Jones and John T. Tanner as his sureties, in the penal sum of eighty thousand dollars, conditioned as required by law in the case of executors and administrators. It is ordered by the court, that the said bond of the said James W. S. Donnell, with the sureties thereto, be and the same is hereby approved of by the court. It is further ordered, that letters of administration issue to the said James W. S. Donnell, as the administrator of the estate of the said Alexander T. Jones, deceased." This was all of the evidence offered in behalf of the petition.

John T. Tanner, and William P. Tanner, as the administrator of John H. Jones, filed written answers to the petition, to which they made affidavit. They deny the execution of the bond, but not in the form or substance of a plea of *non est factum.* The former says, he does not recollect or remember incurring such liability ; and the latter says, that he does not know whether his intestate ever executed such a bond. They further set up, as a plea of *res adjudicata,* that before the filing of this petition, a portion of the heirs of Alexander T. Jones filed a bill against Donnell as administrator, and John T. Tanner and John H. Jones as his sureties, to which the petitioners were made defendants, praying for a settlement in the chancery court of the estate of Jones ; that the settlement was ordered and made, and resulted in a decree for a balance in favor of Donnell, the administrator. They also set up, as *lis pendens;*

another bill in chancery, filed by the petitioners themselves, seeking to have a further settlement of the same estate, and, if necessary, to have the former decree set aside as null and void, on the ground of fraud. The matters above recited constitute all the grounds of defence to the petition. The court authorized the substitution, and its decree is now assigned as error.

The probate judge has authority to establish and substitute records of deeds and other papers required by law to be recorded in the office of the court of probate, when the original record has been lost or destroyed. The record so made is to have the same force and effect as the original. R. C. § 652. The substitution is to be made on the best evidence which can be adduced, and which shall be satisfactory, of the former existence and contents of such deeds and other papers. R. C. § 648. While a substituted record of a bond is to have the force and effect of such a record made when it purports to have been done, those who appear to have executed the bond are not debarred by the trial and decree of substitution from any defence which they might have made against the original record. The judgment or decree of substitution means only that such a record existed, was lost, or destroyed, and is replaced.

It is the duty of the probate judge to keep minutes of all his official acts and proceedings. R. C. § 792, sub'd. 2. The granting of letters of administration, and the approval of the administrator's bond, are within his official jurisdiction. These proceedings are *in rem*, and his minutes of them constitute a record, which, as evidence that such proceedings were had, stands on the same footing as other judicial records in like cases. The letters of administration, and the bond of the administrator, are required to be recorded by the probate judge ; and a transcript thereof, duly certified, is made evidence to the same extent as if the originals were produced. R. C. § 2016. This record, given so high a character as evidence by statute, is rationally of no more value than the minute-entry of the appointment and the approval of the bond. The entry is required by law to be made, as well as the record, and the judge of probate is liable for any neglect or omission in not taking, or for taking an insufficient bond. R. C. § 2013, 792. While the judge cannot be held to be a witness to the execution of the bond, it is certainly his duty to be satisfied that the signatures to it are genuine, and that the makers are responsible.

The proceeding to make substitution does not require any answer from the opposite party, except in the way of pleading. The answers in this case are of no validity as testimony, though the parties making them were probably competent witnesses. Neither do they amount to sworn pleas of *non est factum*.

The exhibits of the two chancery cases do not support the

[Braune v. McGee.]

defences of *res adjudicata* and *lis pendens*. In the first, the liability of the sureties was not adjudicated, while the representative character of Donnell was determined. In the second, the issue in respect to the sureties is broader than in this case. While they could not be held accountable, without proof which would authorize this substitution, they may escape on grounds independent of it. The same matter must be directly in question, and the judgment must be directly on the point. 2 Phil. Ev. 13.

The difficulty of this case is in the *status* of the administration bond — the difference between such a bond, on file, or recorded, in the probate office, and its due execution by the makers. The execution of the bond is not in question, but rather whether such a bond as that presented was ever on file or record in the probate court. The record of it is something more than the mere registration for purposes of evidence, as in the case of deeds; and it is on this account that the statute makes the record equal in evidence to the original. In *Miller v. Gee* (4 Ala. 359), it was held, that an administration bond is an official document pertaining to the administration, and cannot be removed from the office without a breach of official duty; that when necessary to be given in evidence, an examined copy, or one verified by the certificate of the proper officer, is sufficient, without producing or accounting for the original. In the view above taken, the point made for the appellants, that the petition seeks the substitution of a bond, and not the record of a bond, is not sustainable. The statute (R. C. § 652) speaks only of the substitution of the record of deeds and other papers; but in this case, the record of the bond, and the bond, must be considered as identical.

We therefore decide, that the minute-entry adduced was admissible in evidence, and was sufficient, without proper impeachment, which was not made, to justify the substitution.

The decree is affirmed.