PRATT VS. RADFORD.

*March 26 — April 19, 1881.*

PARTIES PLAINTIFF: *Joinder of insurers in action for destruction of insured property by negligence.*

Where property of A., insured as to a part of its value, is destroyed by the negligence of B., the insurers, who have paid A. the insurance moneys due him, in whole or in part, must be joined with him in an action against B. to recover damages for the destruction of such property; or, if they refuse to join as plaintiffs, must be made defendants.

Pratt vs. Radford.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover damages for the burning of plaintiff's mill by reason of alleged negligence of the defendants. The damages are laid at $22,250. The defendants answered in abatement, that, at the time of the burning, plaintiff held eleven policies of insurance on his mill, issued by legally organized companies, and then in full force, to an aggregate amount of $13,000 (the name of each company and the amount of insurance in each being stated); that before this action was commenced, each of said companies paid plaintiff twenty-five twenty-sixths of the amount of its policy (the exact sum paid by each being stated), which payments amounted in all to $12,500; and that each of said companies had in this state a duly authorized agent, on whom process could be served, so as to give the court jurisdiction of the company (the name and place of residence of such agent of each company being stated). Defendants asked judgment dismissing the complaint without prejudice, because such insurance companies were not made parties plaintiff.

A general demurrer to the answer was overruled; and plaintiff appealed from the order.

For the appellant there was a brief by *Finch & Barber* and *C. W. Felker*, and oral argument by *Mr. Barber* and *Mr. Felker:*

1. The wrongdoer is the person primarily liable to the owner of the property destroyed. The insurer stands to such owner practically in the position of a surety, and when he has indemnified the owner for the loss, he is entitled to be subrogated to all means of indemnity which the owner had against the party primarily liable. Since this right does not depend upon privity of contract, but upon the principles of equity and the doctrine of subrogation, the underwriter could not maintain the action against the wrongdoer in his own name, but must recover in the name of the assured. *Hall v. R. R. Cos.*, 13 Wall., 367; *Clark v. Inhabitants of Blything*, 2 B.

& C., 254; *Mason v. Sainsbury*, 3 Doug., 60; *Rockingham Ins. Co. v. Bosher*, 39 Me., 253; *Peoria M. & F. Ins. Co. v. Frost*, 37 Ill., 333; *Conn. M. L. Ins. Co. v. R. R. Co.*, 25 Conn., 265; *Harding v. Townshend*, 43 Vt., 536; *Plympton v. Ins. Co.*, id., 497; *Yates v. Whyte*, 4 Bing. N. C., 272; Wood on Ins., § 478; May on Ins., 454; *Swarthout v. Railway Co.*, 49 Wis., 628; *London Ins. Co. v. Sainsbury*, 3 Doug., 245. There can be but one suit against the wrongdoër. 49 Wis., 629. The judgment obtained by the owner of the property would be a bar to any subsequent action. 37 Ill., 337. The wrongdoër could not avail himself of any payment by the insurer. May on Ins., 557; *Harding v. Townshend*, 43 Vt., 536; *Gales v. Hailman*, 11 Pa. St., 515. 2. The insurance companies are not necessary parties to this action. If judgment is recovered, the plaintiff will hold the proceeds as trustee for them. He is the real party in interest, and to him the right of action belongs. It is only where the court cannot determine the rights of the parties before it without prejudice to the rights of others not before it, that the persons omitted are necessary parties. *Wallace v. Eaton*, 5 How. Pr., 99; *McMahon v. Allen*, 12 id., 39; *Bailey v. Inglee*, 2 Paige, 278; *Foster v. Hickox*, 38 Wis., 412. In this case the defendant must show that the persons omitted were not merely proper, but necessary parties. 2 Till. & Shearm. Pr., 125; *Perkins v. Church*, 31 Barb., 84. And it must appear affirmatively that the defendant will be prejudiced by the omission. *Stockwell v. Wager*, 30 How. Pr., 271. The defendant, in this case, cannot be prejudiced by the mere non-joinder of the insurance companies, since a judgment in behalf of the plaintiff would be a bar. And the disposition of the proceeds collected can in no wise interest him. See, also, *Strohn v. Ins. Co.*, 33 Wis., 648, 657; 2 Phillipps on Ins., § 1958; *Pitney v. Ins. Co.*, 65 N. Y., 18; *Somes v. Ins. Co.*, 12 Gray, 531; *Williams v. Ins. Co.*, 2 Met., 303; *Union Bank v Roberts*, 45 Wis., 378; *Hilton v. Waring*, 7 id., 492; *Plant's*

*M. Co. v. Falvey,* 20 id., 200; *Goodrich v. Milwaukee,* 24 id., 422; *Curtis v. Mohr,* 18 id., 616.

*Moses Hooper,* for respondents:

Under secs. 2604, 2605, R. S., every party who is legally or equitably the owner of any part of a single cause of action, must be made a willing plaintiff, or unwilling defendant. *Cook v. Insurance Co.,* 8 How. Pr., 514; *Grain v. Aldrich,* 38 Cal., 514; *Lapping v. Duffy,* 47 Ind., 51; *Swarthout v. R. R. Co.,* 49 Wis., 628; *Conn. Fire Ins. Co. v. R'y Co.,* 73 N. Y., 399; *Home Ins. Co. v. Penn. R. R. Co.,* 11 Hun, 182; *Ennis v. Ins. Co.,* 3 Bosw., 516; *Robbins v. Deverill,* 20 Wis., 150. The insurer who has paid the loss by fire, or any part of it, has an equitable or legal claim to damages, to be recovered of the wrongdoër, to the extent of such payment, not exceeding the actual damages. Hence he should be a plaintiff. After payment, the insurer has a right of action *pro tanto* in his own name; and the wrongdoër cannot relieve himself by payment to the owner when he knows of the subrogation. See, in addition to cases above cited, *Home Ins. Co. v. Transp. Co.,* 33 How. Pr., 102; *Monmouth Co. M. Ins. Co. v. Hutchinson,* 21 N. J. Eq., 107; *Hart v. R. R. Co.,* 13 Met., 99; *Quebec F. Ins. Co. v. St. Louis,* 7 Moore, P. C., 286; *Graff v. Kip,* 1 Edw. Ch., 620. Defendant has a right to be subject to only one suit on a single cause of action. Yet if he be sued by a several owner of a part of the cause of action, and make no defense for want of parties, the judgment is no bar to an action in behalf of the other owners. *Cook v. Ins. Co.,* 8 How. Pr., 514; *Grain v. Aldrich,* 38 Cal., 514. Plaintiff is not trustee of an express trust. *Robbins v. Deverill,* 20 Wis., 150; R. S., secs. 2080, 2081; 1 Perry on Trusts, 16, 17. If he were, he should state his trusteeship and that he sues for his *cestui que trust. Holladay v. Davis,* 5 Oregon, 40. The trustee of an *implied* trust cannot maintain an action for the use of his *cestui que trust,* under secs. 2605, 2607, R. S. *Expressio unius est exclusio alterius. Blackman v.*

*Baumann*, 22 Wis., 614; *Conroe v. Bull*, 7 id., 408; *State ex rel. Crawford v. Hastings*, 10 id., 525. See *School Districts v. Edwards*, 46 Wis., 150; *Secor v. Keller*, 4 Duer, 416; *Grinnell v. Schmidt*, 2 Sandf. S. C., 706; *General Mut. Ins. Co. v. Benson*, 5 Duer, 176; *Gates v. Boomer*, 17 Wis., 459; *Loomis v. Brown*, 16 Barb., 325; *Clarkson v. De Peyster*, 3 Paige, 322; *Perkins v. Church*, 31 Barb., 84.

LYON, J.   There is but a single cause of action stated in the complaint, to wit, the negligence of the defendants which resulted in the destruction of the plaintiff's mill.   Our statutes provide that "every action must be prosecuted in the name of the real party in interest" (R. S., 714, sec. 2605), except that "an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted."   Section 2607.   Section 2604 provides that, "of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should be joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint."   The several insurance companies named in the answer, upon payment of the loss covered by the respective policies, became subrogated *pro tanto* to the claim of the plaintiff against the wrongdoers whose negligence caused the destruction of the mill.   Under the statutes above cited, they could maintain an action against such wrongdoers in their own names, or be joined with the insured as plaintiffs in such action. Moreover, had the defendants paid the plaintiff the damages claimed, knowing that the latter had received from the insurance companies the amounts insured, the defendants would still be liable to an action by such companies to recover the amounts so paid, and the release of the plaintiff would be no defense to the action.   Where the common-law procedure prevails, the action of the insurance companies would neces-

sarily be brought in the name of the insured. It could be so brought without his consent, and he would have no control over it. But under our code of procedure the companies would sue in their own name — joining the insured as a plaintiff, or making him a defendant, according to the exigencies of the case.

The foregoing propositions are settled by numerous adjudications, and most of them are fully sanctioned and approved by this court in *Swarthout v. C. & N. W. Railway Co.*, 49 Wis., 625. If further authority is desired, it can be found in the cases cited in the opinion by the chief justice in that case, and in those cited in the brief of counsel for the defendant.

True, if this action should proceed in its present form, and a recovery be had, the plaintiff would hold the amount recovered, or a portion of it, in trust for the insurance companies. But this would be a trust arising by implication of law, and not an express trust within the meaning of section 2607, above quoted, which permits the trustee of an express trust to sue in his own name alone in respect to the trust.

In view of the foregoing propositions we see no escape from the conclusion that the insurance companies named in the answer and the plaintiff have a united interest in the cause of action alleged in the complaint, and in the recovery sought. Having such interest, the statute is imperative that they must be parties to the action. They must be joined as plaintiffs, unless the exigency arises which renders it proper to make some of them defendants. And so the learned circuit judge held.

*By the Court.*— The order overruling the demurrer to the answer is affirmed.