December 8, 1896.

Nos. 10,366—(164).

**Election Contest—Liability on Bond—Action.**

> In proceedings to contest an election, a bond was executed, approved, and filed, conditioned as required by the proviso (G. S. 1894, § 193), but in which the contestee was named as obligee. *Held* that, upon the breach of such conditions, an action could be maintained by each of the persons to whom the examination and inspection of the ballots was referred, in his own name.

**Same—Joint Action.**

> But *held*, that a joint action by such persons to recover compensation for their services, and for money expended by them in connection therewith, would not lie.

Action in the district court for Stearns county by Herman Moede and others as a board of inspection and examination of ballots. From an order, Searle, J., sustaining a demurrer to the complaint, plaintiffs appealed. Affirmed.

*Geo. H. Reynolds*, for appellants.

*Calhoun & Bennett* and *F. Tolman*, for respondents.

COLLINS, J. The bond on which this action was brought was conditioned as required in the proviso found in G. S. 1894, § 193, and was executed, approved, and filed in proceedings instituted by the principal obligor, Haines, to contest the right of one Chisholm to a seat in the legislature. The statute, it will be seen, fails to provide for an obligee in the bond, and in such a case it might be held that an obligee is unnecessary, or that the state is the proper party to whom the obligation is to be made payable. In the case at bar, Chisholm was named obligee, and the only point made by respondents as to this is that no one but Chisholm can maintain an action on the bond. We do not agree with counsel on this.

The bond provided by the terms of section 193 is wholly statutory, and is given for the protection and benefit of the persons to whom the examination and inspection of the ballots is referred. No one else is interested, and, as the real parties in interest, the inspectors

should have the right to maintain the action, precisely as if no obligee had been named, or the obligation had run to the state. Although it was error to name the contestee as obligee, the obligors, who, presumably, are responsible for the error, should not be allowed to escape responsibility on this ground alone. In all essential and material matters the obligation was perfect and complete; it was voluntarily executed, and undoubtedly in good faith. While Chisholm was designated as obligee, he had no interest in the bond, and was obligee only nominally.

We are of the opinion that plaintiffs have the right to recover on the bond. But this was a joint action brought by them to recover for work, labor, and services, and for money expended and paid out, as a board and jointly. There are no allegations as to the value of each person's services, or the amount of money expended by each, but the allegation is as to the total value of the services and the total amount of money expended; and the respondents contend that the condition of the bond can only be enforced in separate actions, each of the appellants suing to recover compensation for his own services, and the amount of money which he may have paid out. While it is true that by means of a joint action the whole matter may be determined at one trial, and with less expense to all concerned, we are unable to hold, upon principle or authority, with appellants. They rendered individual services while examining and inspecting these ballots quite as much as if they had served as judges at the election, and, if either expended money, it was his individually. The right of each to recover is an individual right, not dependent in any degree upon the right of those who rendered like services at the same time, or expended money for the same general purpose. The claim for compensation and for expenditures is personal and several as to each, not joint. If a recovery could be permitted here, we see no good reason why any other number of persons who act together in the performance of a duty could not join in an action to recover compensation.

We have not overlooked the case of Dallas v. Columbia I. & S. Co., 158 Pa. St. 444, 27 Atl. 1055, cited by appellants' counsel. It may be in point, but the decision simply affirms the rulings of the court below, and without discussion. We cannot regard it as authority.

Order affirmed.