A. F. NEHRING v. ANGUS HAINES and Others.[1]

November 24, 1897.

Nos. 10,912—(256).

Election — Bond Required by G. S. 1894. § 193 — Party Cannot Take Advantage of His Wrong.

By virtue of G. S. 1894, § 193, it is the duty of a contestant for the office of a member of the legislature to execute a bond with two sureties in the sum of $250, and have such bond approved by the judge of the district court and filed with the clerk thereof, conditioned that he will pay the costs and expenses of the inspectors of the ballots if he fails to maintain such contest. *Held*, that his wrongful neglect to have such bond approved and filed cannot be taken advantage of by him or his sureties.

Same—Candidate for Legislature—Delivery of Bond.

*Held*, also, that it was a sufficient delivery of the bond to make it effectual that the contestant used it before the judge in procuring the appointment of such inspector, and with the intent to have it take its regular course in such proceedings, even though it was not formally approved and filed.

Action in the district court for Stearns county to recover $83.33 and interest for services of plaintiff as inspector of ballots cast in the third legislative district of that county at the general election of 1894 for the office of representative to the legislature, in a contest instituted by defendant Haines. The other defendants were the sureties upon his bond. At the trial the jury returned a verdict of $40.50 for plaintiff. From an order of the court, Searle, J., denying a motion of defendants for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*G. W. Stewart*, for appellants.

*G. H. Reynolds*, for respondent.

[1] Reported in 72 N. W. 1061.

BUCK, J.

Several questions applicable to this case were considered and disposed of on a former appeal. Moede v. Haines, 66 Minn. 419, 69 N. W. 216. While all the parties there were not the same as in this case the alleged cause of action grew out of the same transaction, and the case was remanded for a new trial upon the ground that the plaintiffs therein should have sued separately. That course was pursued in this action.

The facts are quite fully stated in the opinion in that case. The question, however, as to the delivery of the bond sued upon was not then discussed or passed upon but is directly involved in this appeal.

The respondent brought the action to recover from the appellants, one of whom is the principal in the bond sued upon and the others his sureties, the reasonable value of respondent's services and expenses as an examiner and inspector of ballots in an election contest for a seat in the legislature instituted by the appellant Haines against one Chisholm. The bond in question is one authorized by G. S. 1894, § 193, which provides that in election contests the party applying for the inspection and examination of the ballots shall execute a bond with two sureties in the sum of $250, to be approved by the judge of the district court, conditioned that such party will pay the cost and expense of such examination and inspection in the event that he shall fail to maintain his contest, which bond shall be filed with the clerk of the district court.

The election contest was begun by the defendant Haines, who failed to maintain it; and, when plaintiff brought suit for his services and expenses, the defendant attempted to defend upon the ground that the bond given was not approved, filed, or delivered. It appears to be conceded that the bond was not formally approved or filed, but this failure to perfect the bond or security was not the fault of the plaintiff, but that of Haines, and his misconduct in this respect cannot be pleaded as a bar to the maintenance of this action. Plaintiff had no control over the bond as to its approval or filing, and there was no duty imposed upon him in this respect. Upon instituting the contest the court appointed the plaintiff an inspector and examiner of the ballots, and

he performed the services and incurred the expense for Haines' benefit, for which he brought this action.

It is true that plaintiff is not the obligee in the bond, but this court held in Moede v. Haines, supra, that the bond

"Is given for the protection and benefit of the persons to whom the examination and inspection of the ballots are referred. No one else is interested, and, as the real parties in interest, the inspectors should have the right to maintain the action precisely as if no obligee had been named or the obligation had run to the state."

The statute makes it the duty of the party applying for the inspection and examination of the ballots to file a bond, and this he should do after its approval by the judge; and the duty to see that it was properly approved rested with the contestant Haines, and his failure to do so was his own wrongful neglect. This approval and filing of the bond are for the protection of the obligee and those who render services and incur expense as inspectors and examiners, and not for the benefit of the obligors; and it does not lie in the mouths of the principal or sureties to object that it was not approved or filed. Murfree, Off. Bonds, §§ 48, 49.

The only protection which the plaintiff, as inspector, had for his services and expenses was this bond, expressly provided by statute and executed by the defendants for the very purpose of protecting the inspectors. The wrongful neglect of the principal Haines in not having the bond approved or filed cannot exonerate or release the sureties from their liability. Approving and filing the bond were not of the essence of their contract, nor a condition precedent to the defendant's liability. Its approval and filing would have made record evidence thereof and perpetuated it, but its sufficiency cannot be successfully assailed by the defendants in this action, either by the principal Haines or his bondsmen, by reason of Haines' wrongful neglect to have it approved and filed. See State v. Toomer, 7 Rich. Law, 216.

The case of Stevens v. Treasurers, 2 McCord, 107, was a case where the sheriff could not by law enter on the duties of his office until he had filed a certificate from the commissioners that he had executed and filed a bond with the treasurer, and it was held that neither the sheriff nor his sureties could take advantage of his

neglect to file his bond, and that his failure to do so was his own wrongful act. The court says, page 109:

"Neither he nor the sureties can take advantage of his wrongful neglect. * * * The approval by the commissioners, the certificate, recording, &c., are, besides, no more than the mere modes of giving, examining and perpetuating the bond. These are not of the essence, and constitute no part of the obligation of the contract."

In the case at bar the sureties had done all that they could do to complete the bond. It was under seal, signed and acknowledged by them, and they knew its contents and their obligations; and an innocent party should not be compelled to suffer through the wrongful neglect of the principal, which in no way operated to injure the sureties or affect their liability.

We now turn to the question of the delivery of the bond. Its validity is assailed upon the ground that it was not properly or legally delivered. One of the crucial tests as to delivery of instruments of this kind is the intent of the party signing the instrument. From the record it appears that the bond was signed by the parties and acknowledged before the attorney for Mr. Haines at New Paynesville, and forwarded by him to another of Mr. Haines' attorneys at St. Cloud, to be used by him on the application for the appointment of inspectors. The bond is dated January 4, 1895, but acknowledged January 12, 1895, the same day that the inspectors were appointed. The attorney for Mr. Haines received the bond in due course of mail, and it was used by him on the application for the appointment of the election inspectors, in compliance with the requirements of the provisions of the statute, and afterwards delivered to plaintiff's attorney. On the trial, Mr. Haines testified that the bond was left with his attorney for the purpose of taking its regular course, and, as he supposed, to be used on the application for the appointment of inspectors. It was used for the precise purpose for which it was given. It was one of the essential elements before the judge, necessary as a condition precedent to his appointing the inspectors.

It was the production of this bond that justified the court in making such appointment. That he omitted to approve it and order it filed did not authorize Haines or his attorney to carry it

away and keep it. When it was used before the court as one of the necessary ingredients in procuring the order appointing the inspectors, it was subject to the control of the court, and had passed beyond the control or right of Haines to its possession. Thus, the intent of Haines and the manner the bond was used by his attorney before the judge, under the requisites of the statute, constitute a sufficient delivery to make it effectual and binding upon all of the defendants. We have examined other errors assigned but think them without merit, and our conclusion is that the order of the trial court should be affirmed.

So ordered.