178 P.2d 401

**STATE v. BARKER et al.**

No. 4996.

Supreme Court of New Mexico.
March 19, 1947.

C. C. McCulloh, Atty. Gen., Wm. R. Federici, Asst. Atty. Gen., and David W. Carmody, Dist. Atty., of Santa Fe, for appellee.

LUJAN, Justice.

This is an appeal from a judgment on a bond given to secure a recount of votes in the 1944 general election.

The defendant, Barker, and David W. Carmody were rival candidates for the office of District Attorney of the First Judicial District. Barker filed an application with the State Canvassing Board for a recount of the votes in 20 precincts or election districts in Rio Arriba County under the provisions of 56-614, 1941 Comp., and gave a bond for $1,000 under the provisions of Sec. 56-615, with his codefendants as sureties, and made it payable to the State of New Mexico. Upon his application to the State Canvassing Board it issued summons, as asked, and Barker had service thereof made and recounts were had in all precincts except one where the election officials claimed there were ballots in the box that had not been cast. The recounts showed errors had been made in some boxes and in the remainder there were no changes. The errors were not sufficient to change the result. Barker failed to pay the sheriff or any of the election officials and the Attorney General brought suit on the bond in the name of the

Charles B. Barker, Henry J. Hughes and M. W. Hamilton, all of Santa Fe, for appellants.

State to recover the mileage and fees claimed due.

The first point urged by the defendants is that the state is not a proper party and has no interest in this action. The statute is silent as to who shall be the obligee and the defendants voluntarily made it to the State of New Mexico.

Section 19-101( rule 17 (a) of our Rules of Civil Procedure reads: "Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be brought in the name of the state."

In Reagan v. Dougherty, 40 N.M. 439, 62 P.2d 810, we stated the test to determine whether one is a real party in interest is: (1) whether he is the owner of the right to be enforced; or (2) whether he is in position to release and discharge the defendant from the liability upon which the action is grounded. In this case we cited Whiteman v. Taber, 205 Ala. 319, 87 So. 353, as our authority on the first proposition, and Broderick v. Puget Sound Traction, Light & Power Co., 86 Wash. 399, 150

P. 616, for the second. The errors of the election officials were not sufficient to change the result of the election, so there is no liability on the part of the State. The bond was given to secure the fees of the election officials and the sheriff in the event the errors were not sufficient to change the result.

Minnesota has a similar statute. There if one desires to file a contest and secure a recount he must give a bond in the sum of $250, conditioned that he will pay the fees and expenses of the election inspectors who are also the custodians of the ballots. The statute, like ours, is silent as to who shall be the obligee. An unsuccessful candidate initiated contest, asked for a recount, and gave a bond payable to the contestee, one Chisholm, and secured a recount.

The contestant was unsuccessful and the inspectors, not parties to the bond, joined in an action thereon, and answering the defense of the obligors that only the party named could maintain the action, the Minnesota Supreme Court in Moede v. Haines et al., 66 Minn. 419, 69 N.W. 216, 217, said: "The statute, it will be seen, fails to provide for an obligee in the bond, and in such a case it might be held that an obligee is unnecessary, or that the state is the proper party to whom the obligation is to be made payable. * * * and the only point made by respondents as to this is that no one but Chisholm can maintain an action

on the bond. We do not agree with counsel on this. The bond provided by the terms of section 193 is wholly statutory, and is given for the protection and benefit of the persons to whom the examination and inspection of the ballots is referred. No one else is interested, and, as the real parties in interest, the inspectors should have the right to maintain the action, precisely as if no obligee had been named, or the obligation had run to the state."

The case was dismissed because of misjoinder of parties plaintiff. Action was then filed by one of the inspectors on the bond and judgment in his favor was affirmed in Nehring v. Haines et al., 70 Minn. 233, 72 N.W. 1061.

Conway v. Carter, 11 N.M. 419, 68 P. 941, 943, was an action by a minor beneficiary on an administrator's bond in which the Territory of New Mexico was the obligee. The court in answer to the contention that it was necessary to join the Territory as a party plaintiff said: "It (the Territory) is at most only a nominal party, to whom the bond is given as a mere matter of convenience, and the party entitled to recover the proceeds of a judgment upon an administrator's bond is the real party in interest."

And it was further said in this case: "There is no statutory provision prescribing the form of an action on an administrator's bond, and specially authorizing the territory to bring the suit; and, in the absence of such a provision of law, we are of the opinion that the beneficiary under such bond is the real party in interest, who under subsection 2 of the Code, is required to bring the suit in his own name. Amason v. Nash, 24 Ala. 279."

The state is not the owner of the right sought to be enforced. Is the state in position to release and discharge the defendant from liability to the sheriff for his mileage, and to the election officials for their per diem and mileage?

The plaintiff in Broderick v. Puget Sound, etc., supra [86 Wash. 399, 150 P. 618] was the owner of an automobile which she stored with a garage. On telephone call from her the garage would deliver the car to her home and later return it to the garage. While on one of these trips it collided with a freight car belonging to the defendant and was damaged. The garage owner repaired the automobile.

The plaintiff brought suit to recover for the damages to her automobile resulting from the collision. The court held she was not the real party in interest, saying: "The question presented is finally reduced to whether a judgment obtained by the appellant in this action would operate as a complete defense to an action prosecuted by another person. The appellant, not being the trustee of an express trust, if she should recover a judgment, would hold the

amount recovered under a trust arising by implication of law. In such a case, the rule supported by the authorities seems to be that if she should recover a judgment, and fail to account therefor to the person entitled thereto, her judgment would not operate as a bar to the right of any other person who had become subrogated to maintain a subsequent action. Hart v. Western R. Corporation, 13 Metc. (Mass.) 99, 46 Am.Dec. 719; Monmouth County Mut. Fire Ins. Co. v. Hutchinson, 21 N.J.Eq. 107; Swarthout v. Chicago & N. W. Ry. Co., 49 Wis. 625, 6 N.W. 314; Pratt v. Radford, supra, [52 Wis. 114, 8 N.W. 606]."

So in this case, the state not being the trustee of an express trust and the mere nominal obligee of the bond if it secured a judgment, the amount recovered under a trust arising by implication of law, such judgment would not be a bar to an action by the sheriff or one of the election officials.

The state may not maintain this action. Our determination of the first point makes a decision on the remaining points unnecessary.

The judgment appealed from will be reversed and the cause remanded to the district court with instructions to vacate its judgment and dismiss the cause, and it is so ordered.

BRICE, C. J., and McGHEE, J., concur.

SADLER, J., did not participate.