ALASKA PACIFIC S. S. CO. v. EGAN.

(Circuit Court of Appeals, Ninth Circuit.   February 3, 1913.)

No. 2,149.

**1. TRIAL (§ 419*)—WAIVER OF ERROR—ACQUIESCENCE IN DECISION.**

The right of a defendant to assign error on the denial of his motion for nonsuit at the close of plaintiff's testimony is waived by his subsequent introduction of testimony and failure to move for a directed verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 982; Dec. Dig. § 419.*]

**2. MASTER AND SERVANT (§ 226*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—RISKS ASSUMED BY SERVANT.**

The negligence of the master in failing to furnish safe appliances and a safe place in which to work is not a hazard necessarily attendant upon employment, and in legal contemplation it is not a risk which the servant is presumed to assume.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 659–667; Dec. Dig. § 226.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

**3. MASTER AND SERVANT (§ 120*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—UNSAFE APPLIANCES.**

The owner of a vessel is not absolved from the duty of inspecting dock appliances which it requires its employés to use in loading the vessel, and seeing that they are in reasonably safe condition, because it is not the owner of the same.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 211; Dec. Dig. § 120.*]

**4. MASTER AND SERVANT (§ 185*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—UNSAFE APPLIANCES.**

If a master delegates to a servant the duty of inspecting appliances to be used by his fellow servants, he does not thereby relieve himself from liability for the negligent performance of such duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Frank H. Rudkin, Judge.

Action at law by Joseph Egan against the Alaska Pacific Steamship Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Herbert S. Griggs, of Tacoma, Wash., for plaintiff in error.

B. F. Jacobs, of Tacoma, Wash. (J. F. Fitch, of Tacoma, Wash., of counsel), for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge.   The parties will be designated as they were in the court below.   The plaintiff was a longshoreman in the employment of the defendant, engaged in lading its steamship the Admiral Sampson with a cargo of flour in Tacoma Harbor.   The moor-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing lines of the steamer were attached to the tops of two dolphins, each consisting of a cluster of five piles, banded together at the top; the central pile standing higher than the others. These dolphins stood off the shore wall about 10 feet, and the shore wall stood at approximately the height of the dolphins. The usual means of approaching a dolphin for the purpose of attaching or casting off a mooring line was by a plank 2 inches in thickness, about 12 inches in width, and 10 or 12 feet long, one end of which rested on the shore wall, and the other resting on the top of one of the dolphin piles or attached by wire thereto. The plaintiff had been working in the hold of the steamship. After 5 o'clock of a December evening, when it was growing dark, he was directed by the foreman of the defendant to cast off the bow mooring line from the center pile of the dolphin to which it was attached. In obeying the order, he went along the shore or sea wall to a point opposite the dolphin, and undertook to cross over on the plank, when the plank came loose from the dolphin, and he was precipitated, together with the plank, to the rocks below, receiving the injuries for which the action was brought. He alleged in his complaint that the plank was in an unsafe and dangerous condition for the use to which it was put, a condition unknown to him, but which was known, or by reasonable care should have been well known, to the defendant. The answer denied negligence and alleged the defenses of assumption of risk, contributory negligence, and that the act of negligence, if any, was that of a fellow servant.

The plaintiff was a longshoreman of many years' experience, and was well acquainted with the premises in question. He testified that at some time prior to the accident, possibly a year, he had seen the off shore end of the planks attached to the dolphins by wire straps, but that of late he had not noticed their condition, and that at the time of the accident it was too dark for him to see how the plank was attached. He admitted that he had been out to one of the dolphins on the day of the accident, when it was light and he could see, but that he did not observe whether or not the plank was fastened to the dolphin. He testified that he had not to his knowledge ever before passed over to the dolphin to which the bow line of the steamer was attached; that he did not know that the offshore end of the plank was loose; that he supposed that end was fast and secured sufficiently for him to go out to let the line go, and get safely back. The employé who cast off the other mooring line at the same time gave illuminating testimony when he said:

"When a man goes to work he has to hurry up to get his line off, and he has not much time to look around."

[1] The assignment of error that the court denied the defendant's motion for a judgment of nonsuit, made at the conclusion of the plaintiff's testimony, is of no avail to the defendant, for the reason that, after the denial of its motion, it proceeded to take testimony, and, at the conclusion thereof, did not ask for an instructed verdict in its favor. Hartford Life Ins. Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496; Hansen v. Boyd, 161 U. S. 397, 16 Sup. Ct. 571, 40 L. Ed. 746. The record of the testimony, however, is such

that the court would not have been justified in taking the case from the jury.

[2] The only way to approach the dolphin for the purpose of casting off a mooring line was by the plank. The plaintiff, when directed to perform that act, unless the plank was obviously unsafe, had the right to assume that his employer had exercised reasonable care to see that the plank was safe. Its safety depended absolutely upon the fastening of it to the dolphin. At some time prior to the accident, perhaps a year, it had been fastened. It was practicable to fasten it securely and keep it fastened at all times, and it was not the plaintiff's duty to inspect the plank or its fastenings. The negligence of the master in failing to furnish safe appliances and a safe place in which to work is not a hazard necessarily attendant upon employment, and in legal contemplation it is not a risk which the servant is presumed to assume. Hough v. Railway Co., 100 U. S. 213, 25 L. Ed. 612; Northern Pacific Co. v. Altimus, 179 Fed. 275, 102 C. C. A. 631; Utah Consol. Mining Co. v. Bateman, 176 Fed. 57, 99 C. C. A. 365, 27 L. R. A. (N. S.) 958; Bolen-Darnell Coal Co. v. Williams, 164 Fed. 665, 90 C. C. A. 481; Choctaw, Oklahoma & G. R. Co. v. McDade, 191 U. S. 68, 24 Sup. Ct. 24, 48 L. Ed. 96.

[3] Error is assigned to the instruction of the court to the jury that it was the duty of the master to furnish a reasonably safe working place for his servants, or, in other words, to exercise reasonable care in that regard, and that "this duty or obligation extends not only to the working places or appliances owned by the master, but it applies equally to the working places or appliances owned by third persons which the master takes and uses temporarily as his own." The evidence was that the dock and the dolphins did not belong to the defendant, but were being used by it at the time of the accident. That fact did not absolve it from the duty of inspecting the appliances which it called upon its servant to use. For the time being those appliances belonged to the defendant. The plaintiff had nothing to do with the arrangements between the defendant and the owner of the property which was temporarily placed at the defendant's use. Texas & Pacific Railway v. Archibald, 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188; Baltimore & Potomac Railroad v. Mackey, 157 U. S. 72, 15 Sup. Ct. 491, 39 L. Ed. 624; Republic Elevator Co. v. Lund, 196 Fed. 745, 116 C. C. A. 373.

The defendant requested an instruction which was in substance that, if the plank and the manner in which it was used were according to the general, usual, and ordinary course adopted by those in the same or similar business, the defendant was not guilty of negligence in using it, even though the jury believed that other methods of approach to the dolphin might have been safer. It was not error to refuse this instruction. There was no evidence in the case of a general, usual, or ordinary course adopted by those who were in the same or a similar business. No other dolphins were referred to than those which were at the dock where the steamship was moored. It is true that there was evidence that other vessels used the dolphins and used the planks as means of approach thereto; but there was no evidence as

to the precautions which they took in inspecting the fastenings of the planks, or that they used the same when they were in a dangerous condition.

[4] Nor was there error in refusing to instruct the jury that if they found that the plaintiff and William Wright, the foreman, were fellow servants in this instance, and that Wright was negligent in any respect and the plaintiff's injuries were the direct and proximate cause thereof, the plaintiff could not recover. There is nothing in the record to show that any act of William Wright contributed to the plaintiff's injury, unless it be the fact that he directed the plaintiff to cast off the mooring line. If it is sought to cast upon Wright the blame for failing to inspect the plank before he directed the plaintiff to perform that service, and to assert that his failure to inspect was the negligence of a fellow servant, the answer is that, if it was his duty to inspect the appliances, he was charged with the performance of a duty which devolved upon the defendant itself, and the defendant cannot take advantage of his failure to discharge that duty.

We find no error.

The judgment is affirmed.