[No. 12660.   Department One.   July 28, 1915.]

MARY I. BRODERICK, *Appellant*, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, *Respondent*.[1]

PARTIES—TRUSTEE OF EXPRESS TRUST—IMPLICATION OF LAW. Where repairs to plaintiff's automobile were made at the instance of a casualty company, which had insured the machine but failed to pay the repair bill, the owner, after receiving the machine fully repaired, is not entitled to maintain an action for the amount of the repairs against the party causing the damage, as trustee of an express trust under Rem. & Bal. Code, § 180, defining a trustee of an express trust as a person with whom or in whose name a contract is made for the benefit of another; since the trust, on obtaining judgment, is one arising by implication of law.

SAME—REAL PARTIES IN INTEREST. In such case, the plaintiff, being fully compensated by complete repairs of the machine and not liable for the bill, could not maintain an action in her own right as the real party in interest.

JUDGMENT—CONCLUSIVENESS—BAR — IMPLIED TRUSTEE. Judgment in favor of a trustee by implication of law is not a bar to the right of any one who had become subrogated to maintain a subsequent action, where the trustee failed to account.

Appeal from a judgment of the superior court for King county, Humphries, J., entered November 2, 1914, upon findings in favor of the defendant, dismissing an action in tort, tried to the court. Affirmed.

*A. F. Williams*, for appellant.

*James B. Howe* and *A. J. Falknor*, for respondent.

MAIN, J.—This action was brought for the purpose of recovering damages claimed to have resulted to the plaintiff's automobile by the negligence of the defendant. In due time after the issues were framed, the cause came on for trial before the court sitting without a jury, and resulted in a judgment of dismissal. From this judgment, the plaintiff appeals.

[1]Reported in 150 Pac. 616.

The facts are briefly as follows: On the 5th day of February, 1913, and for some time prior thereto, the plaintiff was the owner of an automobile. This automobile, for a compensation, was taken care of by the Broadway Automobile Company. When the appellant desired to use the automobile, she would 'phone the Broadway Automobile Company and an employee of that company would deliver it at her home. When she desired it returned from her home to the garage, she would 'phone the automobile company and an employee of that company would call for the car and return it. On the evening of the date above mentioned, when an employee of the automobile company was returning the automobile from the home of the plaintiff to the garage, the automobile collided with a freight car owned by the defendant company.

The Broadway Automobile Company carried insurance covering automobiles in its charge, in the Missouri Fidelity & Casualty Company. Shortly after the accident, the officers of the Broadway Automobile Company and the representatives of the Missouri Fidelity & Casualty Company held a conference, and it was decided to call for bids for the repairs made necessary to the automobile by reason of the collision. Bids being called for, one Alexander Christie being the lowest bidder, the contract was awarded to him, and most of the repairs were made by him. A portion of the work, however, was done by the Broadway Automobile Company. Neither Alexander Christie nor the Broadway Automobile Company ever presented a statement to the appellant covering the amount of such repairs. Alexander Christie made out his account against the Broadway Automobile Company. No insurance was ever paid by the casualty company. Neither was Alexander Christie nor the Broadway Automobile Company ever paid for the repairs. The machine, after it was repaired, apparently was used by the appellant under the same arrangement with the Broadway Automobile Company which had existed prior to the accident. The appellant makes no

claim for damages on account of any depreciation in the value of the car, due to the accident. She did claim damages in the sum of $45, which she expended in the hire of another automobile while her own car was undergoing the repairs.

At the conclusion of the trial, the trial court was of the opinion that the appellant had no right to maintain the action for any other sum than the $45 mentioned, and offered to enter a judgment in her favor for this sum. This judgment the attorneys who appeared for her in the action declined to accept. Thereupon a judgment was entered as above indicated, dismissing the action.

The trial court found that the appellant had no interest in the action; that she never authorized, or became liable for, the bills or expenses incurred in repairing the automobile; that the bills were authorized by the insurance company, whose attorneys appeared in the present action. Exceptions were sought to be taken to these findings. It is argued by the respondent that the exceptions are not sufficient to challenge the correctness of the findings. It will be assumed, but not decided, that the exceptions are sufficient to call in question the correctness of the findings. Without reviewing the evidence in detail, it may be said that, after giving attentive consideration to all the evidence in the record, we are of the opinion that the evidence supports the findings.

The controlling question in this case is whether the appellant, after receiving her machine fully repaired, had such an interest in the claim against the defendant company, alleged to be due to its negligence, that she could maintain the action. Rem. & Bal. Code, § 179, provides that:

"Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law."

Section 180 of the code provides, among other things, that a trustee of an express trust may sue without joining the person for whose benefit the action was prosecuted. This section of the statute also defines a trustee of an express trust as, "a person with whom or in whose name a contract

is made for the benefit of another." It is obvious that the appellant was not the trustee of an express trust within the meaning of the statute. If the appellant should prosecute the action to judgment, she would hold the amount recovered in trust for some other person; but this trust would be one arising by implication of law. *Pratt v. Radford*, 52 Wis. 114, 8 N. W. 606.

The appellant claims that the respondent is not in a position to object to the action being prosecuted in the name of the appellant, because in this action the respondent could plead all of its defenses and counterclaims, and that a judgment rendered in this action would be *res judicata* as to an action prosecuted by any other person upon the same claim. For the purposes of this case, it will be admitted that the rule is that a defendant cannot object to the capacity of the plaintiff to maintain the action where the defendant has the right in the action instituted to plead all of its defenses and counterclaims, and where a judgment in that action would operate as a bar to any subsequent action by any other person who might claim any rights by subrogation. If the appellant has the right to maintain the action, it follows, as a necessary corollary, that she has the right to release and discharge the respondent from liability. The appellant, aside from the $45 mentioned, with which we are not here concerned, has no interest in the controversy. Her automobile having been completely repaired, she is fully compensated, and would not have the right in her own behalf now to maintain an action against the respondent for damages claimed to be due to its negligence. *Connecticut Fire Ins. Co. v. Erie R. Co.*, 73 N. Y. 399, 29 Am. Rep. 171; *Nelson v. Western Steam Nav. Co.*, 52 Wash. 177, 100 Pac. 325; *Olson v. Erickson*, 53 Wash. 458, 102 Pac. 400.

The last two cases cited, which are from this court, are personal injury cases, and they support the rule that a person injured through the negligence of another cannot recover for surgical aid or hospital bills when such expenses have

neither been paid by the person injured nor has an obligation to pay them been incurred.   By analogy, the rule cannot well be different as to damages sustained by property if
the property has been restored to its owner fully repaired.
The owner has no right to further compensation from the
person causing the injury.

The question presented is finally reduced to whether a
judgment obtained by the appellant in this action would
operate as a complete defense to an action prosecuted by
another person.   The appellant not being the trustee of an
express trust, if she should recover a judgment, would hold
the amount recovered under a trust arising by implication of
law.   In such a case, the rule supported by the authorities
seems to be, that if she should recover a judgment, and fail
to account therefor to the person entitled thereto, her
judgment would not operate as a bar to the right of any
other person who had become subrogated to maintain a subsequent action.   *Hart v. Western R. R. Corporation*, 13
Met. (Mass.) 99, 46 Am. Dec. 719; *Monmouth County
Mut. Fire Ins. Co. v. Hutchinson*, 21 N. J. Eq. 107; *Swarthout v. Chicago & N. W. R. Co.*, 49 Wis. 625, 6 N. W. 314;
*Pratt v. Radford, supra.*

The judgment will be affirmed.

MORRIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ.,
concur.