[No. 13598.   Department Two.   January 4, 1917.]

Alaska Pacific Steamship Company, *Appellant*, v. Sperry
Flour Company, *Respondent*.[1]

Parties—"Real Party in Interest"—Parties Insured Against
Loss.  It is no defense to an action against a wrongdoer that the
plaintiff was insured against the loss by an employers' liability
policy and had recovered the amount of the loss from the insurance
company; and hence the plaintiff may maintain the action as the
real party in interest, within the meaning of Rem. Code, § 179, espe-
cially where the insurance company was a mutual company and
plaintiff must contribute to the insurance fund.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered January 11, 1916, upon the
pleadings in favor of the defendant, upon sustaining a de-
murrer to the reply, in an action on contract.  Reversed.

*Huffer & Hayden*, for appellant.

*Hayden, Langhorne & Metzger*, for respondent.

Holcomb, J.—The Alaska Pacific Steamship Company,
appellant herein, seeks in this action to recover from respond-
ent $4,479.10, paid by appellant in satisfaction of a judg-
ment rendered against it in that amount in favor of one
Joseph Egan.   The pertinent facts are that Egan was a
longshoreman in appellant's employ, and was injured while
assisting in loading one of its steamers at respondent's dock,
in Tacoma harbor, by slipping from a plank which it was

[1]Reported in 162 Pac. 26.

alleged was negligently fastened and furnished by respondent for the use of appellant and its employees, and falling on the beach and sea wall of the harbor. Egan then brought an action against both respondent and appellant to recover for the injuries sustained by him. A judgment of dismissal was entered as to respondent, but judgment was entered against appellant in the sum of $4,479.10 and costs.

Appellant thereupon instituted the present action against respondent, alleging that Egan's injury was the result of respondent's negligence solely, no negligence whatever being attributable to appellant. By way of defense to this complaint, respondent alleged that, at the time Egan was injured, appellant carried employer's liability insurance to indemnify it for all loss or damage it might sustain by reason of any of its employees being injured while in its employ; and that, after the rendition of judgment against it in the Egan suit, appellant's insurer paid it the full amount of this judgment, together with costs.

After a demurrer to this affirmative defense was overruled, appellant in its reply admitted that it was, at the time of the injury to Egan, carrying employer's liability insurance, but that its insurer was a mutual insurance company commonly called a club in which appellant, together with the other members, contributed to the payment of all losses; admitted that it had been paid by the insurer, but alleged that it had, in compliance with its obligation as a member of said club, contributed to the fund by which it was so paid, and therefore it had not been fully reimbursed for its loss and would share in any recovery herein. A demurrer to this reply having been sustained, appellant refused to plead further, and a judgment on the pleadings was entered against appellant, this appeal resulting.

The sole question raised by this appeal is whether, under this state of facts, appellant is the real party in interest within the meaning of Rem. Code, § 179, and therefore entitled to prosecute this action as plaintiff, it being respond-

ent's contention that, as soon as the judgment entered against appellant was paid by the insurance company, appellant was rendered whole and the insurance company was subrogated to all appellant's rights and became the real party in interest and therefore the only one entitled to prosecute this action.

There have been frequent but not harmonious expressions of the different courts on this subject, the authorities seeming to be about equally divided as to whether the insured is the real party in interest in an action instituted by him against a wrongdoer when he has been fully reimbursed for the loss by the insurer; and despite respondent's contention that this is no longer an open question in this state by reason of the rule announced in *Broderick v. Puget Sound Traction, Light & Power Co.*, 86 Wash. 399, 150 Pac. 616, we approach the investigation thereof for the first time and untrammeled by former decisions. In the *Broderick* case, *supra*, the plaintiff was not the insured and there never was any insurance paid by the insurer. It is obvious that there could be no question of whether the insured, upon payment of the loss, could be subrogated to the rights of the insured; and while there might be some language in that decision which, if construed alone, might tend to support respondent's assertion, yet, when considered in connection with the facts, which must always be the case, this language does not support respondent's position.

*Cunningham v. Seaboard Air Line R. Co.*, 139 N. C. 427, 51 S. E. 1029, 2 L. R. A. (N. S.) 921; *Travelers' Ins. Co. v. Great Lakes Engineering Works Co.*, 184 Fed. 426, 36 L. R. A. (N. S.) 60, and other cases which hold that the insurer is subrogated to the insured's rights and that he is, therefore, not the real party in interest, proceed upon the theory that, since the insured has recovered the loss from the insurer, he has sustained no loss and is not in a position to complain. While there is respectable authority to sustain this position, yet we think the sounder rule, and the one which

will come nearer giving substantial justice to all parties in such a situation, is announced in *Illinois Cent. R. Co. v. Hicklin*, 131 Ky. 624, 115 S. W. 752, 23 L. R. A. (N. S.) 870, as follows:

"The law is well settled that a wrongdoer has no right to the benefits of the insurance, and cannot rely, either in full or *pro tanto* on the defense that the owner of the property has been previously paid by the insurance company. Payment to the owner by an insurance company of the amount of his loss does not bar the right against another originally liable for the loss."

To the same effect are, *The Propeller Monticello v. Mollison*, 17 How. 152; *The Metis*, Fed. Cas. No. 9,500.

There is a fatal fallacy in the reasoning which concludes that the insured is made whole upon payment of the loss to him by the insurer, in that the premiums are not refunded to the insured so paid by him to the insurer for the policy of insurance and these premiums, if paid over some length of time, would aggregate a considerable sum of money. Nor does it seem that a wrongdoer should not respond for his wrongful acts in damages to the insured and thereby profit by reason of the sagacity of the insured in keeping his property protected by insurance.

It is not a necessary corollary that appellant, by being allowed to recover in this case, would derive double damages, since the insurance company might have a right of action against appellant for the money so recovered. In any event, the answer to this contention is that he recovers but once for the wrong done him by the tort feasor and once upon his insurance policy by virtue of a contract with the insurer to which the tort feasor is in no way privy. It was held by Judge Cooley in the case of *Perrott v. Shearer*, 17 Mich. 48, 55, that the insured should be allowed to sue the wrongdoer even though such a rule allowed him to collect double damages. He there said:

"It certainly strikes one, at first, as somewhat anomalous, that a party should be in a position to legally recover of two

different parties the full value of goods which he has lost; but we think the law warrants it in the present case, and that the defendant suffers no wrong by it.  He is found to be a wrongdoer in seizing the goods, and he can not relieve himself from responsibility to account for their full value except by restoring them.  He has no concern with any contract the plaintiff may have with any other party in regard to the goods, and his rights or liabilities can neither be increased nor diminished by the fact that such a contract exists.  He has no equities as against the plaintiff which can entitle him, under any circumstances, to an assignment of the plaintiff's policies of insurance.  The accidental destruction of the goods in his hands was one of the risks he ran when the trespass was committed, and we do not see how the law can relieve him from the consequences.  If the owner, under such circumstances, keeps his interest insured, he cannot be held to pay the money expended for that purpose for the interest of the trespasser.  He already has a right of action for the full value of the goods, and he does not give that away by taking a contract of insurance.  For the latter he pays an equivalent in the premium, and is, therefore, entitled to the benefit of it, if any benefit shall result.  The trespasser pays nothing for it, and is, therefore, justly entitled to no return."

Surely the liability of a wrongdoer cannot be increased or diminished by reason of the contract of insurance entered into between the insurer and insured, and which is of no concern to the wrongdoer, he in no way being a party to such contract.  The payment of the principal of the insurance policy by the insurer is a risk which he has assumed and for which he has been fully compensated.  Especially do we think this rule should be applied to the facts in this case because it appears that appellant has an actual interest, by reason of the nature of the insurance; for any recovery herein against respondent will be paid to appellant and other members of the club *pro rata* in the proportion that the tonnage of its boats and the contributions entered by it bear to the whole.  The appellant was in a measure the insurer of its own liability.

It is respondent's next contention that the cases which appellant relies upon as holding that, under the facts in this case, the insured can bring an action in his own name against the wrongdoer, proceed upon the theory that a judgment in favor of the assured will be a defense to any further action by the insurer for the same wrong, and that this doctrine was expressly repudiated in the *Broderick* case, *supra*. This assertion, however, need not be considered, as we have shown that the *Broderick* case is by no means in point and not an authority on the legal problem here involved.

This disposition of the case makes it unnecessary to discuss other assignments of error raised by appellant.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

Morris, C. J., Mount, Parker, and Fullerton, JJ., concur.