[No. 16968. *En Banc.* December 28, 1922.]

## ALASKA PACIFIC STEAMSHIP COMPANY, *Appellant,* v. SPERRY FLOUR COMPANY, *Respondent.*[1]

TRIAL (136)—VERDICT—SPECIAL INTERROGATORIES—POWER OF COURT. It is discretionary to submit to the jury special interrogations upon particular questions of fact that are pertinent under the pleadings and evidence.

APPEAL (473)—REVIEW—SUBSEQUENT APPEALS—LAW OF CASE. A decision upon a former appeal that, if, by some independent act of negligence, a party secondarily liable for an injury to an employee contributed to the accident, such party became a joint tort-feasor and could not recover from the party primarily liable, became the law of the case and conclusive on a subsequent appeal.

INDEMNITY (7-2)—JOINT TORT-FEASORS. While a flour company maintaining a dock and dolphins for the use of vessels loading flour owes the primary duty of keeping the same and their approaches reasonably safe; yet where, from the nature of a dolphin and its tendency to sway with the surging of the ship, a plank approach to it was liable to become insecure, the steamship company's failure to inspect it before ordering a stevedore to use it was an independent act of negligence on its part, making it a joint tort-feasor with the flour company, as to an injury sustained by a stevedore in attempting to use the plank, so that there could be no recovery over from the flour company by the steamship company after paying a judgment recovered for the personal injuries sustained.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered May 31, 1921, upon the verdict of a jury rendered in favor of defendant, in an action to recover over the amount paid in satisfaction of a judgment for personal injuries sustained by a longshoreman. Affirmed.

*Huffer & Hayden* and *G. H. Bucey,* for appellant.
*Hayden, Langhorne & Metzger,* for respondent.

[1]Reported in 211 Pac. 761.

MITCHELL, J.—This controversy has been presented here on two former appeals, the opinions being reported in 94 Wash. 227, 162 Pac. 26, and 107 Wash. 545, 182 Pac. 634, 185 Pac. 583.

Briefly stated, the facts are that one Egan, a longshoreman engaged at work for the Alaska Pacific Steamship Company, was injured while assisting in loading one of its steamers at the Sperry Flour Company's dock in Tacoma harbor. The flour company owned and operated a flour mill on the waterfront, and maintained thereat a dock and dolphins for the use of ships coming to its place for cargo. One of the dolphins was situated some ten or twelve feet from the shore. On the occasion in question, the vessel was moored to the dock and a line passed from the vessel and fastened to the dolphin referred to; also, another such line to another dolphin, for the purpose of holding the vessel in its place during the loading operations. After the vessel was loaded, Egan was sent to unfasten or cast off the vessel's line from the dolphin; and in performing that duty, upon walking on a plank from the shore to the dolphin, the end of the plank slipped off of the dolphin, causing him to fall upon rocks below, by which he was injured. Egan filed suit to recover damages for his injuries, and in the trial of that case in the United States Circuit Court, a judgment of nonsuit was entered as to the flour company, while a judgment was entered therein in favor of Egan against the steamship company, *Alaska Pacific Steamship Co. v. Egan,* 202 Fed. 867, 121 C. C. A. 225. Upon paying the judgment in that case, the steamship company instituted the present action to recover over from the flour company, upon the theory that it was obligated to furnish the plaintiff and its employee Egan with a safe approach to the dolphin, which it had negligently failed to do, and which negligence was the

sole cause of the injury suffered by Egan. The present trial resulted in a verdict for the defendant. A motion for a new trial was denied, and from a judgment on the verdict, the plaintiff has appealed.

Upon the appeal, the argument of the appellant is confined to assignments of error consisting in the refusal of the court to give certain instructions requested by the appellant, the giving of certain other instructions, and having the jury return written findings or special verdicts upon particular questions of fact stated in writing.

The result of the special interrogatories, four in number, and answers thereto were, in substance, as follows: (1) that the plank approach to the dolphin was not furnished by the respondent; (2) that the plank approach from the shore to the dolphin was in a reasonably safe condition when the steamer tied up to the respondent's dock; (3) that the approach became unsafe between the time the steamer landed at the dock and the time Egan was injured; and (4) the respondent, Sperry Flour Company, had no notice of its unsafe condition prior to Egan's injuries. All of these particular questions of fact were pertinent under the pleadings and evidence, and were permissible, notwithstanding objections on the part of the appellant, under Rem. Comp. Stat., § 364, and in the discretion of the trial court. *Butler v. Supreme Court of Foresters*, 60 Wash. 171, 110 Pac. 1007; *Walker v. McNeill*, 17 Wash. 582, 50 Pac. 518.

The instructions requested by the appellant which were refused by the trial court and those that were given by the court, as complained of, need not be set out nor considered in detail. An examination of them shows that the action of the trial court in respect to them in no way militates against the conclusion here reached to the effect that special findings or verdicts

numbered two, three and four are determinative of the case. The same may be said of special finding numbered one, which, though in no manner inconsistent with either of the other special findings or the general verdict, may be ignored.

The theory upon which Egan prevailed in his suit against the appellant in the United States Circuit Court was that it was the duty of the master to furnish a reasonably safe working place for his servant, or, in other words, to exercise reasonable care in that regard, and that,

"This duty or obligation extends not only to the working places or appliances owned by the master but it applies equally to working places or appliances owned by third persons which the master takes and uses temporarily as his own." *Alaska Pacific Steamship Co. v. Egan, supra.*

Further upon the subject, that court said:

"The evidence was that the dock and dolphins did not belong to the defendant, but were being used by it at the time of the accident. That fact did not absolve it from the duty of inspecting the appliances which it called upon its servants to use. For the time being, those appliances belonged to the defendant."

While it is true that, in the former appeal, 107 Wash. 545, 185 Pac. 583, it was held that the judgment of the United States Circuit Court in the *Egan* case was not a bar to this action; nevertheless, the rule announced by the Federal court, as quoted above, is pertinent to the present inquiry and in harmony with what we said in the last previous appeal in this case. In the opinion on that appeal, after declaring that it was the positive duty of this respondent to put and keep that portion of its premises which the appellant and its servants were expected to use in a reasonably safe condition for such use, we said, in substance, that, notwithstanding

this duty which made the flour company primarily liable as between the parties hereto, still, if the steamship company, by some independent act of negligence on its part, caused or contributed to the accident, it would thereby become a joint tort-feasor and could not recover; and further, that the plank approach was at least as much under the steamship company's control during the loading operations as it was under the control of the flour company. Thus the law of the case was determined in this respect upon that appeal.

Upon the record in the present case, it may be said, as was stated in the opinion in the last previous appeal, there was abundant evidence from which the jury might have found that it was customary and usual for this, or any other dolphin, to sway to a considerable extent with the surging of the ship tied to it, and that such swaying and its probable effect upon the plank approach to the dolphin were well known to the appellant, and were such that its failure to inspect was an independent act of negligence on its part which caused or contributed to the injury.

Upon sufficient evidence, the jury has found that the plank approach was safe when the steamer docked, that it became unsafe between that time and the time Egan was injured, and that respondent had no notice of its unsafe condition prior to the time of Egan's injury. The lack of actual knowledge on the part of respondent that the plank approach became unsafe did not absolve the respondent from the duty of keeping the place reasonably safe. It must be chargeable with knowledge of the probable effect upon the plank approach to the dolphin caused by the swaying and tugging of the ship tied to the dolphin, and the consequent necessity of inspection to keep the place reasonably safe. That primary duty, however, on the

part of the respondent, did not relieve the appellant from the duty of exercising care in the control of and with respect to the condition of appliances which it called upon its servant to use, at the risk of becoming a joint tort-feasor and the denial of the right to recover over from the one primarily liable. The appellant was under the duty of inspecting the appliances "used temporarily as its own" to keep them in a reasonably safe condition for the use to which they were put. As was said on the last previous appeal in this case:

"In *Alaska Steamship Co. v. Pacific Coast Gypsum Co.*, 71 Wash. 359, 128 Pac. 654, and 78 Wash. 247, 138 Pac. 875, it was held, in effect, that if the employer had knowledge, or should have had knowledge, of the defective and dangerous condition of the appliance and knowingly acquiesced in its use, he could not recover against the person who would have been primarily liable had not such knowledge existed."

There is no proof that either of the parties gave any attention, by way of examination or otherwise, to the condition of the plank approach between the time of fastening the line to the dolphin and the time the accident occurred; nor is there any contention, nor indeed any proof, that the unsafe condition of the plank approach was caused by anything other than the swaying of the dolphin, usually to be expected within the knowledge of the appellant as well as the knowledge of the respondent; and under the special findings or verdicts numbered two, three, and four, which are entirely consistent with the general verdict, it must be held that the appellant, by its independent act of negligence, caused or contributed to the accident, thereby becoming a joint tort-feasor and not entitled to recover.

Affirmed.

PARKER, C. J., PEMBERTON, MAIN, HOLCOMB, and TOLMAN, JJ., concur.