358 F.3d 1089
 ALLSTATE INSURANCE COMPANY, an Illinois corporation, Plaintiff-Appellant,
v.
Devon HUGHES; Penny Hughes, and the marital community composed thereof; Devon Hughes Construction, a Washington sole-proprietorship; Phil's Painting, a Washington sole-proprietorship, Defendants-Appellees.
Allstate Insurance Company, an Illinois corporation, Plaintiff-Appellant,
v.
Devon Hughes; Penny Hughes, and the marital community composed thereof; Devon Hughes Construction, a Washington sole-proprietorship; Phil's Painting, a Washington sole-proprietorship, Defendants-Appellees.
 No. 02-35582.
 No. 02-35825.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 11, 2003 — Seattle, Washington.
 Filed October 8, 2003.
 Amended February 17, 2004.
 
 1
 Melissa O'Loughlin White and Jodi A. McDougall, Cozen O'Connor, Seattle, Washington, for the plaintiffs-appellants.
 
 
 2
 Mark R. Fahrenkrug, Knowles Ferguson PLLC, Seattle, Washington, for the defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Western District of Washington; Barbara J. Rothstein, District Judge, Presiding. D.C. No. CV-01-00462-BJR.
 
 
 4
 Before: MICHAEL DALY HAWKINS and MARSHA S. BERZON, Circuit Judges, and JUSTIN L. QUACKENBUSH, Senior District Judge.[1]
 
 ORDER
 
 5
 QUACKENBUSH, Senior District Judge.
 
 
 6
 The Opinion of this court, filed on October 8, 2003, is amended as follows:
 
 
 7
 Slip op. pp. 14984-85: At the end of the first full paragraph, "Allstate alleged ...," delete the period and delete the subsequent full paragraph beginning "Under Washington law ..." Replace with:
 
 
 8
 ; see also Glacier Gen. Assurance Co. v. Symons, 631 F.2d 131, 133 (9th Cir. 1980) (using state law in a diversity case to identify the underlying legal relationship between the parties, upon which "[t]he identity of the real party in interest... depends"). Compare United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 381, 70 S.Ct. 207, 94 L.Ed. 171 (1949) (applying federal substantive law to determine real parties in interest for purposes of a case arising under a federal statute).
 
 
 9
 We therefore look to Washington law to determine whether Allstate may proceed as a real party in interest. "The forum state's procedural statute or rule defining the real party in interest concept is not applicable, however, because it only governs who may sue in the state courts; under Rule 17(a), the federal courts are concerned only with that portion of state law from which the specific right being sued upon stems." K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1153 (10th Cir.1985) (quotations and citation omitted) (emphasis added).
 
 
 10
 The substantive law in Washington permits recovery by an insured even if he or she has been fully reimbursed. As stated in Fraser v. Beutel, 56 Wash.App. 725, 736, 785 P.2d 470, 476-77 (1990) (quoting Alaska Pac. S.S. Co. v. Sperry Flour Co., 94 Wash. 227, 230, 162 P. 26, 27 (1917)):
 
 
 11
 There is a fatal fallacy in the reasoning which concludes that the insured is made whole upon payment of the loss to him by the insurer, in that the premiums are not refunded to the insured so paid by him to the insurer for the policy of insurance and these premiums, if paid over some length of time, would aggregate a considerable sum of money. Nor does it seem that a wrongdoer should not respond for his wrongful act in damages to the insured and thereby profit by reason of the sagacity of the insured in keeping his property protected by insurance.
 
 
 12
 Of course, under Washington law, "[b]y virtue of payments made to a subrogor stemming from the actions of a third party, a subrogee has a right of reimbursement under general subrogation principles." Mahler v. Szucs, 135 Wash.2d 398, 413, 957 P.2d 632, 640 (1998) (en banc). But the reimbursement right that exists between the insurer and its policy holder does not, under Washington law, detract from the substantive right of the insured, and only the insured, to sue for tort damages in subrogation actions. See McRory v. N. Ins. Co. of N.Y., 138 Wash.2d 550, 556 n. 6, 980 P.2d 736, 739 n. 6 (1999) ("In subrogation actions, the insured remains the real party in interest."); Mahler, 135 Wash.2d at 417-18, 957 P.2d at 643 ("[S]ubrogation creates in the insurer, by contract or equity, a right to be reimbursed. The enforcement of the interest [is] by a type of lien against the subrogor/insured's recovery from a tortfeasor or by an action by the subrogee/insurer in the name of the insured against the tort-feasor." (emphasis added)); Fraser, 56 Wash.App. at 735-37, 785 P.2d at 476-77. Compare Glacier Gen. Assurance, 631 F.2d at 134 (applying Montana law providing that "[t]he insured may prosecute an action for the full amount of the loss, or either the insured or the insurer may separately sue for his portion of the loss ... We must accept this as an authoritative statement of the legal relationship of parties to this dispute." (quotation marks and citation omitted) (emphasis added)).
 
 
 13
 Appellant Allstate Insurance Company's Motion for Clarification on Issuance of Mandate is DENIED as moot.
 
 OPINION
 
 14
 This is a subrogation action by the fire insurance carrier arising out of the destruction by fire of a Seattle-area residence. Plaintiff, Allstate Insurance Company ("Allstate"), appeals from the March 11, 2002 Order of the District Court of the Western District of Washington granting defendants, Devon and Penny Hughes' and Devon Hughes Construction's ("Hughes"), motion for summary judgment. Allstate also appeals the order denying Allstate's motion for reconsideration and the order granting Hughes' motion for attorney fees and costs. Finding that federal court diversity jurisdiction is lacking, we remand to the district court with directions to vacate its prior orders and dismiss the action.
 
 I. BACKGROUND
 
 15
 Devon and Penny Hughes sold a home in Woodinville, Washington to Tom and Cheri Ellstrom. The purchase and sale agreement provided that the Hughes would replace all of the current siding with cedar prior to the transfer of possession. The Ellstroms insured the home through Allstate.
 
 
 16
 The Hughes hired Phil's Painting to paint the cedar siding after it was installed. On September 20, 2000, prior to the Ellstroms taking possession and during the period in which the siding was being painted, the home was severely damaged by fire. The cause of the fire was allegedly an exterior halogen light that had been masked with tape by Phil's Painting. When the light was turned on, it overheated and caused the paper to catch fire. The fire then spread to the rest of the house. Allstate, as the subrogee of the Ellstroms, then brought negligence and breach of contract claims against Hughes alleging that they were either directly or vicariously liable for the actions of Phil's Painting.
 
 II. PROCEDURAL HISTORY
 
 17
 Allstate, in its complaint, alleged federal court diversity jurisdiction stating it was an Illinois corporation and the Hughes were citizens of Washington. While not alleged, it is undisputed that Allstate's insured, the Ellstroms, were also citizens of Washington. The Ellstroms were not named as plaintiffs. Hughes filed a motion for summary judgment. In so doing, counsel for Hughes failed to disclose controlling legal authority that was adverse to their position, namely White Pass Co. v. St. John, 71 Wash.2d 156, 427 P.2d 398 (1967). Allstate filed its opposition to the motion for summary judgment and compounded the problem caused by Hughes' non-disclosure by not relying on, or even mentioning White Pass.
 
 
 18
 White Pass was highly relevant because the Washington Supreme Court there held that the general contractor owed a nondelegable duty to the owner of the property, even for tasks that were not inherently dangerous. Id. at 400-401. "The fact that the respondent [general contractor], by virtue of its contract with the subcontractor, exercised no supervision and control over the manner in which the work was performed, could not absolve it from its responsibility under its contract with appellant." Id. at 400. There is an implied undertaking on the part of a general contractor to see that the work of a subcontractor is performed with due care. Id. at 401.
 
 
 19
 Without White Pass being presented to the court by either party, the district court entered an order granting Hughes' motion for summary judgment and holding that Phil's Painting was an independent contractor of Hughes and Hughes could not be held responsible for the negligence of an independent contractor. Allstate filed a motion to reconsider the grant of summary judgment, relying for the first time on White Pass. The court denied Allstate's motion for reconsideration finding that Allstate had "neglected entirely to defend its breach of contract liability theories" and had not given an explanation for such failure. Allstate filed a notice of appeal from the grant of summary judgment and the denial of the motion for reconsideration. Hughes subsequently filed a motion for attorney fees and costs based upon an attorney fee provision in the Hughes/Ellstrom sale agreement. Allstate also filed a notice of appeal from the order awarding attorney fees and costs.
 
 III. JURISDICTION
 
 20
 Neither Hughes nor Allstate alerted the district court to the diversity of citizenship jurisdiction or real party in interest issues discussed infra. However, this court has an independent obligation to address sua sponte whether we have subject matter jurisdiction. See Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). The court has a continuing obligation to assess its own subject-matter jurisdiction, even if the issue is neglected by the parties. United States v. Ceja-Prado, 333 F.3d 1046, 1049 (9th Cir.2003). "Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)(quotation marks and citation omitted); see also Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") "We cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1091 (9th Cir.2003).
 
 
 21
 Allstate alleged in its complaint that jurisdiction was proper under 28 U.S.C. § 1332, diversity of citizenship. However, Fed.R.Civ.P. 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." "Whether [Allstate] is the real party in interest under Fed.R.Civ.P. 17(a) in this federal diversity suit is depend[e]nt upon whether [Allstate] is a proper party to maintain this action under applicable state law.... It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law." Am. Triticale, Inc. v. Nytco Servs., Inc., 664 F.2d 1136, 1141 (9th Cir.1981)(citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)); see also Glacier Gen. Assurance Co. v. Symons, 631 F.2d 131, 133 (9th Cir.1980) (using state law in a diversity case to identify the underlying legal relationship between the parties, upon which "[t]he identity of the real party in interest... depends"). Compare United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 381, 70 S.Ct. 207, 94 L.Ed. 171 (1949) (applying federal substantive law to determine real parties in interest for purposes of a case arising under a federal statute).
 
 
 22
 We therefore look to Washington law to determine whether Allstate may proceed as a real party in interest. "The forum state's procedural statute or rule defining the real party in interest concept is not applicable, however, because it only governs who may sue in the state courts; under Rule 17(a), the federal courts are concerned only with that portion of state law from which the specific right being sued upon stems." K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1153 (10th Cir.1985) (quotations and citation omitted) (emphasis added).
 
 
 23
 The substantive law in Washington permits recovery by an insured even if he or she has been fully reimbursed. As stated in Fraser v. Beutel, 56 Wash.App. 725, 736, 785 P.2d 470, 476-77 (1990) (quoting Alaska Pac. S.S. Co. v. Sperry Flour Co., 94 Wash. 227, 230, 162 P. 26, 27 (1917)):
 
 
 24
 There is a fatal fallacy in the reasoning which concludes that the insured is made whole upon payment of the loss to him by the insurer, in that the premiums are not refunded to the insured so paid by him to the insurer for the policy of insurance and these premiums, if paid over some length of time, would aggregate a considerable sum of money. Nor does it seem that a wrongdoer should not respond for his wrongful act in damages to the insured and thereby profit by reason of the sagacity of the insured in keeping his property protected by insurance.
 
 
 25
 Of course, under Washington law, "[b]y virtue of payments made to a subrogor stemming from the actions of a third party, a subrogee has a right of reimbursement under general subrogation principles." Mahler v. Szucs, 135 Wash.2d 398, 413, 957 P.2d 632, 640 (1998) (en banc). But the reimbursement right that exists between the insurer and its policy holder does not, under Washington law, detract from the substantive right of the insured, and only the insured, to sue for tort damages in subrogation actions. See McRory v. N. Ins. Co. of N.Y., 138 Wash.2d 550, 556 n. 6, 980 P.2d 736, 739 n. 6 (1999) ("In subrogation actions, the insured remains the real party in interest."); Mahler, 135 Wash.2d at 417-18, 957 P.2d at 643 ("[S]ubrogation creates in the insurer, by contract or equity, a right to be reimbursed. The enforcement of the interest [is] by a type of lien against the subrogor/insured's recovery from a tort-feasor or by an action by the subrogee/insurer in the name of the insured against the tort-feasor." (emphasis added)); Fraser, 56 Wash.App. at 735-37, 785 P.2d at 476-77. Compare Glacier Gen. Assurance, 631 F.2d at 134 (applying Montana law providing that "[t]he insured may prosecute an action for the full amount of the loss, or either the insured or the insurer may separately sue for his portion of the loss... We must accept this as an authoritative statement of the legal relationship of parties to this dispute." (quotation marks and citation omitted) (emphasis added)).
 
 
 26
 Thus, the Ellstroms, and not Allstate, are the real party in interest in this matter and pursuant to Fed.R.Civ.P. 17(a) must be named as plaintiffs. Allstate contended at oral argument that both itself and the Ellstroms were the real parties in interest. Even if we were to accept this contention, the Ellstroms' mandatory inclusion in the matter would destroy diversity jurisdiction, as the Ellstroms are citizens of Washington. Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001).
 
 
 27
 In the absence of diversity of citizenship of the real parties in interest, the district court did not have subject matter jurisdiction and should have dismissed the action.
 
 IV. CONCLUSION
 
 28
 Allstate was not the real party in interest and therefore was not allowed to bring this claim in federal court because of the mandate of Fed.R.Civ.P. 17(a). This action could only be brought in the name of the real party in interest, which in Washington is the insured. Bringing an action in the name of the insured, the Ellstroms, citizens of Washington, would result in the absence of diversity of citizenship, and thus the district court would not have subject matter jurisdiction.
 
 
 29
 We remand to the district court with directions to vacate all its prior orders and dismiss the action for lack of jurisdiction. Neither side shall recover costs.
 
 
 30
 REMANDED WITH INSTRUCTIONS.
 
 
 
 Notes:
 
 
 [1]
 Honorable Justin L. Quackenbush, Senior United States District Judge for the Eastern District of Washington, sitting by designation