**CORNHUSKER CASUALTY COMPANY, a Nebraska corporation, Plaintiff,**

**v.**

**O'NEILL PLUMBING COMPANY, a Washington corporation, Defendant—Appellant,**

**Mora Inc., Defendant—Appellee.**

**Cornhusker Casualty Company, a Nebraska corporation, Plaintiff—Appellant,**

**v.**

**O'Neill Plumbing Company, a Washington corporation; Mora Inc., Defendants—Appellees.**

**Nos. 04–35436, 04–35530.**

United States Court of Appeals, Ninth Circuit.

Submitted on Briefs July 11, 2005.*

Decided July 28, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William E. Pierson, Jr., Esq., Cozen O'Connor, Seattle, WA, for Plaintiff.

Michael William Brown, Seattle, WA, for Defendant–Appellant.

John G. Fritts, Miren C. First, Esq., Wilson Smith Cochran & Dickerson, Seattle, WA, for Defendant–Appellee.

Before: HUG, PAEZ, and CALLAHAN, Circuit Judges.

MEMORANDUM **

O'Neill Plumbing Co. and Cornhusker Casualty Co. both appeal the district court's order dismissing this case for lack of subject matter jurisdiction. On *de novo* review, *see Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir. 2004) (as amended), we affirm.

Under Federal Rule of Civil Procedure 17(a), every action must be prosecuted in

** This disposition is not appropriate for publication and may not be cited to or by the

the name of the real party in interest. *See also Glacier Gen. Assurance Co. v. Gordon Symons Co.*, 631 F.2d 131, 133 (9th Cir. 1980). The real party in interest in a diversity case is determined according to state law. *See id.* at 133–34; *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir.2004) (as amended). As we have previously held, the real party in interest in an insurance subrogation action under Washington law is the insured party. 358 F.3d at 1094–95. Because the insured parties (the Zacatecas companies), like O'Neill and Mora, are Washington companies, there is no diversity among the parties, and we lack subject matter jurisdiction. Therefore, we cannot consider the merits of the claim, and we do not rule on Mora's recently submitted Motion to Strike Report of Joy Veranth.

The district court's order dismissing the case for want of subject matter jurisdiction is AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

