**BOREN FOUNDATION, Plaintiff— Appellant,**

v.

**HHH INVESTMENT TRUST, successor in interest, a Saudi Arabian entity of unknown organization, Defendant— Appellee,**

**and**

**North American Medical Research, Inc., a United States corporation; et al., Defendants.**

**No. 06–55058.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 25, 2008.

David Burkenroad, Los Angeles, CA, for Plaintiff–Appellant.

Bryan A. Sun, Katherine Elaine Hertel, Jones Day, Los Angeles, CA, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Boren Foundation appeals from the district court's order denying its motion under Federal Rule of Civil Procedure 60(b) to set aside the dismissal of its action for breach of contract and fraud as to defendant HHH Investment Trust. We have jurisdiction under 28 U.S.C. § 1291. We must consider sua sponte whether we have subject matter jurisdiction, *Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1093 (9th Cir.2004), and we vacate and remand.

Boren Foundation has failed to satisfy its burden to show that there is complete diversity of parties. *See Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857–58 (9th Cir.2001) ("the party asserting diversity jurisdiction bears the burden of proof"). The Complaint alleges that Boren Foundation is incorporated under the laws of the Cayman Islands, which is a British Overseas Territory, and HHH Investment Trust is a Saudi Arabian entity. *See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.,* 536 U.S. 88, 90, 122 S.Ct. 2054, 153 L.Ed.2d 95 (2002) (holding that a corporation organized under the laws of a British Overseas Territory is a citizen of a foreign state for purposes of diversity jurisdiction); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.,* 20 F.3d 987, 991 (9th Cir.1994) (holding that there is no diversity of par-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ties when a foreign plaintiff sues a foreign defendant); *see also Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir.2006) (explaining that, for purposes of diversity jurisdiction, a trust has the citizenship of its trustees, an unincorporated association has the citizenship of its members, and a corporation is deemed a citizen of any state of incorporation and of the state where it has its principal place of business).

Because Boren Foundation has failed to establish diversity of citizenship, the district court lacked subject matter jurisdiction and should have dismissed the action. *See Allstate,* 358 F.3d at 1095. Accordingly, we remand to the district court with instructions to vacate all of its orders and to dismiss the action for lack of jurisdiction. *See id.*

Because we lack jurisdiction, we cannot consider Boren Foundation's "Motion for Ninth Circuit to Hear Motion for Default Judgment against Respondent HHH Investment Trust." We also do not consider Boren Foundation's failure to comply with Federal Rule of Appellate Procedure 28(a) and Circuit Rules 28–2 and 30–1, and we deny its motion to expedite this appeal as moot.

Appellant shall bear its own costs on appeal.

**VACATED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.