*1093 RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s conclusion that the franchisee may not rely upon the doctrine of equitable estoppel to avoid termination of the franchise agreement. However, I do not join the decision to “leave it [to] the district court on remand to determine if there is any reason judgment should be entered against [the franchisee’s spouse] ...” Because this issue was not raised in the district court, it was not properly considered on appeal. See State of Ariz. v. Components, Inc., 66 F.3d 213, 217 (9th Cir.1995) (explaining that we do not reach issues not raised in the district court). Because the issue was not raised in district court, we should not address it at all. See id.
I also dissent from the majority’s holding that Washington’s Franchise Investment Protection Act may be applied to the California franchise at issue in this case.
I start my analysis with the general understanding that a state legislature does not act with intent to affect matters outside the borders of its state. See Grennan v. Crowley Marine Svcs., Inc., 128 Wash. App. 517, 116 P.3d 1024, 1029 (2005) (discussing the presumption against extraterritoriality). A state legislature’s primary concern, understandably, is for the citizens the state representatives were elected to represent. Indeed, a bedrock principle of our legal system is that each state has an overriding interest in protecting the citizens of that state from harm, and a much lesser interest in protecting citizens of other states from harm. See Donald S. Chi-sum, State Regulation of Franchising: The Washington Experience, 48 Wash. L.Rev. 291, 339 n. 240 (1973) (noting that Washington’s interest is in protecting Washington residents).
I also approach this analysis with the understanding that because this case is in federal court pursuant to diversity jurisdiction, we must decide this case as we predict the Washington state courts would. See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1094 (9th Cir.2004).
The majority opinion relies on Professor Chisum’s law review article to support its conclusion that Washington’s franchisee bill of rights applies outside the state. See Majority Opinion, p. 1089. The majority reads Professor Chisum’s article as “recommending] only that the legislature define the [territorial] limitation where it already existed in the [Franchise Investment Protection Act].... ” Id. That reading is not completely accurate. Rather, Professor Chisum specifically suggested that the legislature should do as the California legislature had done and define the term “in this state.” Chisum, State Regulation of Franchising, 48 Wash. L.Rev. at 337-38. That suggestion pertained only to “advertising, soliciting and selling franchises ...” Id. at 337. As to Section 18, Professor Chisum recommended that it “be construed as applying to all franchises located in Washington ...” Id. at 341 (emphasis added); see also, id. at 339 n. 240 (focusing on Washington residents and not residents of other states). If, as the majority posits, the legislature took its cue from Professor Chisum, there would be no need to further refine the provisions of Section 18 because as the majority noted, Professor Chisum made no recommendation to change Section 18. The lack of a recommendation is understandable in view of Professor Chisum’s interpretation limiting the provisions of Chapter 18 to “franchises located in Washington...” Id. at 341.
The professor’s interpretation is consistent with that of the experienced district court judge, who is considerably more familiar with Washington state law than are we. The district court judge relied on a *1094 prior district court opinion, Taylor v. 1— 800-Got-Junk?, LLC, 632 F.Suppüd 1048 (W.D.Wash.2009). In that case, the district court concluded that “FIPA’s legislative history confirms that its language defining conduct ‘in this state’ was intended to provide a territorial limitation on the scope of the Act....” Id. at 1052. The district court’s observation encompassed the entire Act and not just certain portions of the Act. The district court reiterated that the amendment to the Act “demonstrate[d] a clear intent to limit the territorial coverage of the Act to specific conduct that can be said to occur” in the State of Washington. Id. As in Taylor, the franchisee in this case conducted no business in the state of Washington. Therefore, I would affirm the district court’s decision that the Franchise Investment Protection Act was unavailable to the franchisee in this case. I dissent from the majority’s holding to the contrary.