**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES WILLIAM HECKMAN, Ph. D., Dr Sci, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SALLY JEWELL[*], Secretary, Department of the Interior; et al., <br><br> Defendants - Appellees. | No. 11-35414 <br><br> D.C. No. 3:08-cv-05239-RBL <br><br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted September 24, 2013[***]

Before:  RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Charles William Heckman appeals pro se from the district court's summary

---

[*]    Sally Jewell has been substituted for her predecessor, Dirk Kempthorne, as Secretary of the Interior under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgement in his employment action alleging violations of the Veterans Employment Opportunities Act ("VEOA"), the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the Whisteblower Protection Act ("WPA"), and the Age Discrimination in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Heckman's ADEA claims concerning the Department of the Interior's alleged failure to hire him for numerous positions between 2003 and 2007 because Heckman failed to raise a genuine dispute of material fact as to whether he exhausted his administrative remedies. *See id.* at 932 (discussing administrative exhaustion requirements for federal employment under the ADEA).

Heckman failed to show that the district court had jurisdiction over his VEOA, USERRA, and WPA claims concerning the Department of the Interior's alleged failure to hire him for numerous positions between 2003 and 2007. *See* 5 U.S.C. § 1214 (WPA claims must be presented to Merit Systems Protection Board ("MSPB")); 5 U.S.C. §§ 3330a-3330b (VEOA claims must be presented to MSPB, but may then proceed in district court under limited circumstances); 38 U.S.C. § 4324 (USERRA claims against the federal government must be presented to

MSPB, with right to appeal to Federal Circuit); *see also* 5 U.S.C. § 7703(b) (MSPB decisions are generally appealable only to the Federal Circuit); *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) ("We cannot consider the merits of the appeal before assuring ourselves that the district court had jurisdiction." (citation and internal quotation marks omitted)); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) (burden of establishing jurisdiction is on the party asserting that a cause is properly before the court). Contrary to Heckman's contention, he failed to show that the district court had jurisdiction as a "mixed case." *Kloeckner v. Solis*, 133 S. Ct. 596, 601 & n.1 (2012) (defining "mixed case"). Accordingly, we remand to the district court with instructions to vacate the portion of its decision regarding these claims, and to dismiss these claims for lack of jurisdiction.

Heckman's contentions regarding discovery are unpersuasive. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (explaining that in making a motion for further discovery under Fed. R. Civ. P. 56, the movant must identify what information is sought and how it would preclude summary judgment).

We do not consider Heckman's claims arising from his termination by the Department of Agriculture, which the district court determined were barred by the doctrine of res judicata, because Heckman has explicitly disclaimed that they are

part of this appeal.

Heckman's motion to strike and for sanctions is denied.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**