**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN HO, an individual, | No. 20-56017 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-00472-JLS-JDE |
| v. | |
| NICK FLOUTSIS, in his individual capacity and as trustee of the Floutsis Family Trust; ANGIE FLOUTIS, in her individual capacity and as trustee of the Floutsis Family Trust, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted June 10, 2022**
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

Plaintiff John Ho appeals the district court's order declining to exercise

supplemental jurisdiction over his California Unruh Civil Rights Act claim under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1367(c)(4). We lack jurisdiction to address the merits of this appeal and dismiss the case on those grounds.

Even when not briefed by the parties, "this court has an independent obligation to address *sua sponte* whether we have subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004). This court lacks jurisdiction over the immediate appeal because Ho filed a notice of voluntary dismissal without prejudice before later attempting to file another voluntary dismissal with prejudice. The first dismissal is operative and deprives this court of jurisdiction.

First, a "voluntary dismissal *without prejudice* is ordinarily *not* a final judgment from which the plaintiff may appeal." *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995). No exception to the general rule is present here, which means Ho is incorrect to assert that this court has jurisdiction under 28 U.S.C. § 1291.

Second, Ho's voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1) "automatically terminates the action, and thus federal jurisdiction, without judicial involvement." *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999). "The action is terminated at that point, as if no action had ever been filed." *Id.* at 1080. The second notice of dismissal, which Ho claims vests our court with jurisdiction, therefore had no effect and is not appealable. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

2

*Procedure* § 2367 (4th ed. 2022) ("After the filing of a dismissal, the action no longer is pending, and generally no further proceedings in the action are proper.").

Ho's appeal is **DISMISSED** for lack of jurisdiction.